**STATE BOARD OF MEDICAL EXAMIN-
ERS et al., Petitioners,**

v.

**Nathan MANN, M.D., Respondent.**

No. A–11541.

Supreme Court of Texas.

March 29, 1967.

Rehearing Denied April 26, 1967.

Crawford C. Martin, Atty. Gen., John H. Banks, Asst. Atty. Gen., Austin, for petitioners.

Foster, Lewis, Langley, Gardner & Hawn, Emerson Banack, Jr., San Antonio, for respondent.

CALVERT, Chief Justice.

The principal question in this case concerns the proper interpretation of certain provisions of Article 4506, Vernon's Texas Civil Statutes, which regulates the cancellation, revocation, and suspension of licenses of practitioners of medicine. Suit was by Dr. Nathan Mann in one of the district courts of Travis County seeking a writ of mandamus to compel the Texas State Board of Medical Examiners to issue to the plaintiff a renewal license to practice medicine in the State of Texas. The trial court denied the relief sought, but the court of civil appeals, one Justice dissenting, reversed the judgment of the trial court and rendered judgment directing issuance of writ of mandamus. 403 S.W.2d 218 (1966). We affirm the judgment of the court of civil appeals.

This suit is an epilogue to a prior suit between the same parties. Dr. Mann was a duly licensed medical doctor practicing his profession in Nueces County. On January 21, 1958, the Board entered an order revoking and cancelling his license to practice medicine in the State of Texas. On January 28, 1958, Dr. Mann duly and timely filed an appeal in one of the district courts of Nueces County, and the case was docketed as "Nathan Mann, M. D., Plaintiff, v. Texas State Board of Medical Examiners, Defendant." On April 14, 1958, the Board filed an answer and cross-action in the cause. On February 18, 1963, the court entered a judgment which reads as follows:

"On this the 18 day of February A.D. 1963, came on to be heard the above numbered cause; including cross-action and the plaintiff failing to appear in person or by attorney to prosecute said cause, it is ORDERED, ADJUDGED AND DECREED by the court that said cause including cross-action be and the same is hereby dismissed for want of prosecution at plaintiff's cost, for which execution may issue."

On January 1, 1964, Dr. Mann tendered and the Board accepted payment of his license renewal fee for 1964. Subsequent renewal fees have been duly tendered by Dr. Mann but have been refused by the Board.

Whether Dr. Mann is entitled to have a renewal license issued turns on whether dismissal of the Nueces County suit on February 18, 1963, had the effect of perpetuating the Board's order revoking and cancelling Dr. Mann's license or had the effect of terminating the order. The question is governed by Article 4506. We hold that the judgment of dismissal had the effect of terminating the order.

Article 4506 is quite lengthy and need not be quoted in full. The article confers power on the Board to cancel, revoke, or suspend licenses of medical doctors on grounds specified in Article 4505. Proceedings are begun by the filing with the Board of charges in writing and under oath. After due notice and hearing, the Board is directed to "determine the charges upon their merits." Provision for appeal by a doctor whose license is cancelled, revoked, or suspended is made in the following language:

"Any person whose license to practice medicine has been cancelled, revoked or suspended by the Board may, within twenty (20) days after the making and entering of such order, take an appeal to any of the district courts in the county of his residence, but the decision of the Board shall not be enjoined or stayed except on application to such district court after notice to the Board. The proceeding on appeal shall be a trial de novo, as such term is commonly used and intended in an appeal from the justice court to the county court, and which appeal shall be taken in any District Court of the county in which the person whose certificate of registration or license is involved, resides."

It is to be noted that the appeal part of the statute contains provisions which appear to be inconsistent. While the statute stipulates, in effect, that the Board's order shall remain in effect unless it is enjoined or stayed by the court in which the suit is filed, it also expressly provides that the "proceeding on appeal shall be a trial de novo, as such term is commonly used and intended in an appeal from the justice court to the county court." A de novo trial as "in an appeal from the justice court to the county court" would automatically nullify the order of the Board. See Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619, 622 (1958), in which we said:

"The sine qua non of a de novo trial as that term is used to describe a retrial of a matter or controversy theretofore tried by another tribunal is the nullification of the judgment or order of the first tribunal and a retrial of the issues on which the judgment or order was founded. When jurisdiction of the second tribunal attaches, the judgment or order of the first tribunal is not merely suspended, but is nullified."

The Legislature obviously did not intend to provide in Article 4506 that when an appeal was perfected, the Board's order should remain in force unless suspended by a stay order and also that it should be automatically nullified. Neither did it intend that absent the formality of a stay order the Board's order would remain in force if on a trial in the district court a doctor should not be found guilty of the charges against him; and yet that would be the necessary effect of a literal enforcement of both of the inconsistent provisions. It becomes our duty to harmonize the inconsistent provisions, if possible, and thus to give effect to both. How may they be harmonized?

The Dallas Court of Civil Appeals answered the question in Texas State Board of Medical Examiners v. Watt, 287 S.W. 2d 559, 560 (no writ 1956), by holding that "the language of the statute means that enforcement of the Board's order is not suspended *pending trial of the case* in District Court unless the court issues its injunction or stay order." [1] The court of civil appeals in deciding this case answered the question in the same manner in this language (403 S.W.2d 220):

" * * * Its [the statute's provision that the Board's order shall not be suspended except by a stay order] effect, and only effect, is to keep the order of cancellation in effect pending the appeal except as may be otherwise ordered by the court. This is a temporary measure and continues only until a judgment of the court is rendered, after which the terms of the judgment and other appellate procedures control."

We approve the interpretation placed on the statute by the two court of civil appeals opinions. It gives effect to both of the inconsistent provisions, narrowing the literal meaning of each somewhat but nullifying neither. Any other interpretation would delimit the provision for a de novo trial further than is necessary to carry out what seems to have been the obvious intention of the Legislature. That intention appears to be this: The doctor whose license is cancelled, etc. is to have a de novo trial; but if the doctor wishes to continue to practice medicine while the case is pending, he may do so only by obtaining an injunction or stay order against enforcement of the Board's order. Once this interpretation of the statute is accepted, it follows necessarily that the judgment dismissing the suit in Nueces County terminated the Board's order cancelling and revoking Dr. Mann's license.

When Dr. Mann appealed from the order of the Board, he became entitled to a trial de novo with all the rights, both substan-

1. Emphasis ours.

tive and procedural, of a defendant, just as though the charges had first been filed in the district court, *except, and except only,* that the Board's order of cancellation and revocation was not nullified but remained in force until the appeal was finally disposed of in the trial court, unless superseded by an injunction or stay order. In Scott v. Texas State Board of Medical Examiners, 384 S.W.2d 686, 690 (Tex.Sup.1964), in which we sustained the constitutionality of the de novo trial provision of Article 4506, we articulated some of the rights of a doctor who appeals by recognizing that the burden of proof is upon the Board, and that fact questions, whether decided by the court or a jury, are to be resolved by a preponderance of the evidence. Another right of a doctor-appellant in a de novo trial is to require the Board to assume the position of plaintiff in the suit with the burden of obtaining a trial on penalty of having the case dismissed for want of prosecution. Cf. Denton County v. Brammer, 361 S.W.2d 198 (Tex.Sup.1962), and see Bender Bros. v. Lockett, 64 Tex. 566 (1885). When the Board suffered its cross-action against Dr. Mann to be dismissed for want of prosecution, the purpose of the statutory provision for keeping the Board's order in effect had been fully served and the order was terminated. To hold otherwise would be to make the order permanent in character without discharge by the Board of its burden of establishing by a preponderance of the evidence that Dr. Mann was guilty of the charges lodged against him. Or, as the court of civil appeals put it, a contrary holding would permit the Board to "win its case by failing to prosecute in the same manner and to the same extent as it could win it by a successful prosecution before Court and jury." 403 S.W.2d 220.

■■ Inasmuch as Dr. Mann's license to practice medicine stood uncancelled and unrevoked when this suit was filed, mandamus was the proper legal remedy for seeking a renewal license upon tender of annual dues; issuance of the license by the Board was a ministerial duty. Article 4498a provides that when an applicant is determined to be a licensed practitioner of medicine, the Board *shall* issue an annual registration receipt upon payment of annual dues. Moreover, inasmuch as the allegations in Dr. Mann's petition were made under oath and were not traversed except by general denial and by allegations which in law constitute no defense to the suit, proof in support of the allegations is unnecessary to the granting of the writ. Sansom v. Mercer, 68 Tex. 488, 5 S.W. 62 (1887).

The judgment of the court of civil appeals is affirmed.