**TEXAS STATE BOARD OF MEDICAL EXAMINERS, Appellant,**

v.

**Fred T. HANEY, Appellee.**

**No. 11851.**

Court of Civil Appeals of Texas, Austin.

Oct. 27, 1971.

Rehearing Denied Nov. 17, 1971.

Crawford C. Martin, Atty. Gen., Nola White, 1st Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., J. C. Davis and Melvin E. Corley, Asst. Attys. Gen., Austin, for appellant.

Borup & Bradshaw, Inc., Frans O. Borup, D. Channing Bradshaw, Houston, for appellee.

SHANNON, Justice.

This is an appeal from a writ of mandamus entered by the District Court of Travis County against appellant, the Texas State Board of Medical Examiners, and in favor of appellee, Fred T. Haney. The writ commanded appellant to allow appellee to register as a licensed physician in this State. In this opinion the Texas State Board of Medical Examiners will be referred to as the "Board," while Fred T. Haney will be referred to as "Haney."

The facts necessary to this opinion follow. In January, 1966 the Board cancelled Haney's license to practice medicine. Pursuant to Article 4506, Vernon's Annotated Civil Statutes, Haney appealed the Board's cancellation order by timely filing suit in Harris County. The Board answered and filed a cross action against Haney praying that its order be affirmed; that the court find Haney guilty of unprofessional conduct, and that his license to practice medicine be "revoked and cancelled." Upon application, the Harris County District Court enjoined the Board from enforcing its order of cancellation. The suit was not tried, but rather was dismissed for want of prosecution in May of 1968. Neither the Board nor Haney knew of the dismissal. The Board continued to issue Haney's medical license in 1969 and in 1970. The Board learned that the suit had been dismissed after it had already issued Haney a license for 1970, took no action at that time, but refused to renew the license in 1971. Haney then filed the mandamus action involved in this appeal.

Effective June 1, 1967, Article 4506, Vernon's Civil Statutes, was amended to delete the provision providing for a trial de novo, "as such term is commonly used and intended in an appeal from the justice court to the county court," and to provide instead that the proceeding on appeal in the District Court "shall be under the substantial evidence rule."

Both parties are in apparent agreement that, absent the Amendment of 4506, State Board of Medical Examiners v. Mann, 413 S.W.2d 382 (Tex.1967) woud be controlling,[1] and that the dismissal of the cross action for want of prosecution would serve to terminate the Board's order of cancellation. The Board argues, however, that the amendment changing the de novo appeal to a substantial evidence review was procedural in character, hence retrospec-

---

1. See 23 Baylor Law Review 34, 42 (Article by Professor David M. Guinn).

tive and applicable to the Harris County suit, citing among others, Brooks v. Texas Employers Insurance Association, 358 S. W.2d 412 (Tex.Civ.App.1962, error ref., n. r. e.). The Board's argument continues that since the Harris County suit was changed by the amendment to a substantial evidence proceeding, the order of cancellation was presumed valid until shown by Haney not to be supported by substantial evidence and its dismissal had the effect of continuing the cancellation order in force. We disagree.

 Statutes will not be applied retrospectively unless it appears by fair implication from the language that the intention of the Legislature was to make it applicable to both past and future transactions. Rockwall County v. Kaufman County, 69 Tex. 172, 6 S.W. 431 (1887). We find nothing in the 1967 amendment indicating an intent that the amendment be applicable to appeals from the Board's orders then pending in District Court.

As to Haney, the amendment changing the de novo appeal to a substantial evidence review was more than procedural.

 When Haney appealed from the Board's order by filing suit in District Court and by obtaining an injunction against its enforcement, he became entitled to a trial de novo with all the rights, both substantive and procedural, of a defendant, just as though the charges had first been filed in District Court. State Board of Medical Examiners v. Mann, supra. Under the trial de novo appeal, certain rights accrued to Haney, among which was that the Board had the burden of proof. Also, the Board had to assume the position of plaintiff with the burden of obtaining a trial on pain of having the case dismissed for want of prosecution. Also, Haney had the right to require the Board to satisfy the trier of fact by a preponderance of the evidence. Furthermore, Haney had the right to require that the fact disputes be resolved by a jury. State Board of Medical Examiners v. Mann, supra. By per-

fecting his appeal in the de novo proceeding coupled with the injunction against the enforcement of the cancellation order, Haney acquired the valuable right to continue the practice of medicine until a contrary determination by the District Court.

A contrary holding would permit the Board to take advantage of a windfall and win its case by doing nothing. See Mann v. Texas State Board of Medical Examiners, 403 S.W.2d 218, 220 (Tex.Civ.App. 1966, affirmed, 413 S.W.2d 382, 1967).

We affirm the judgment granting the writ of mandamus.

Affirmed.