**William Butler Dawkins COOPER, Appellant,**

v.

**TEXAS BOARD OF MEDICAL EXAMINERS, Appellee.**

**No. 6287.**

Court of Civil Appeals of Texas, El Paso.

Dec. 13, 1972.

Rehearing Denied Jan. 17, 1973.

Benson & Benson, Charles E. Benson, Lubbock, for appellant.

Crawford C. Martin, Atty. Gen., Melvin E. Corley, Asst. Atty. Gen., Nola White, 1st Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., J. C. Davis, Asst. Atty. Gen., Austin, for appellee.

## OPINION

RAMSEY, Justice.

Appellant filed this suit to set aside an order of the Appellee revoking and cancelling his license to practice medicine. The trial Court found that the order was supported by substantial evidence and affirmed the Appellee's action. We affirm.

The record reveals that the Appellant was convicted in the District Court of Midland County of the felony offense of

driving while intoxicated on January 6, 1967. He was assessed a five year probated sentence. Effective June 17, 1967, Art. 4506, Vernon's Ann.T.C.S., was amended changing the procedural appellate review from trial de novo to the substantial evidence review appeal. On July 26, 1968, Appellant's probation was revoked in the District Court of Midland County for an attempted abortion. The Appellant appealed such revocation of probation, which was not affirmed until after the action taken by the Appellee. On September 10, 1968, the complaint involved in this suit was filed for the revocation of his medical license. A hearing was held by the Appellee Board on December 4, 1968, and the order entered revoking and cancelling his medical license. The Board's order revoking Appellant's medical license was based on violations of Subdivisions 2 and 4 of Art. 4505, V.A.T.C.S., being, conviction of a crime of the grade of a felony and grossly unprofessional or dishonorable conduct likely to deceive or defraud the public. Appellant's appeal from the administrative order was timely filed. The appeal from the revocation of Appellant's probation was subsequently affirmed on October 22, 1969 (Cooper v. State, Tex.Cr.App., 447 S.W.2d 179) and motion for rehearing denied on December 3, 1969.

■ Four points of error are urged. The first point complains of the trial Court's error in applying the substantial evidence rule procedure when the Appellant requested a trial de novo and jury trial. Prior to the amendment to Art. 4506, V.A.T.C.S., the Appellant would have been entitled to a trial de novo.

The basis of Appellant's complaint on this appeal is that by the trial Court's proceeding under the substantial evidence rule, provided in the 1967 amendment, gives retroactive effect to the amendment since the conviction of the Appellant occurred prior to the amendment and thus denied the Appellant of a trial de novo. Appellant contends that such violates Art. 1, Sec. 16, of the Texas Constitution, Vernon's Ann.St. and Art. 1, Sec. 10, of the United States Constitution.

■ At the outset, it should be noted that the amendment provides for appeal as it did prior thereto. The change in the appellate procedure was from a de novo appeal to a substantial evidence rule appeal. This is a change in the procedural law of appeal rather than a change in the substantive law. Lawyers Lloyds of Texas v. Webb, 137 Tex. 107, 152 S.W.2d 1096 (1941).

■ The objection as to retroactivity of the law applies to substantive law and not to the procedural aspects. Bryant v. State, Tex.Civ.App., 457 S.W.2d 72 (writ ref'd n. r. e.); Holt v. Wheeler, Tex.Civ.App., 301 S.W.2d 678 (writ dism'd); Falls v. Key, Tex.Civ.App., 278 S.W. 893 (writ dism'd).

■ The Appellant did not obtain a vested right of appeal until the appeal was perfected; that being December 23, 1968. State Board of Medical Examiners v. Mann, 413 S.W.2d 382 (Tex.Sup.1967); Texas State Board of Medical Examiners v. Haney, Tex.Civ.App., 472 S.W.2d 550 (writ ref'd n. r. e.). We overrule Appellant's first point.

Appellant's second and third points of error complain that the Appellee's order had no reasonable support in substantial evidence and that the felony offense of driving while intoxicated does not constitute grossly unprofessional or dishonorable conduct likely to deceive or defraud the public as provided in Art. 4505, Sec. 4, V. A.T.C.S.

Appellant, under these points, contends that a conviction of a felony wherein a probated sentence is imposed, is not a final conviction whereby the doctor's license can be revoked in view of the provisions in the Adult Probation and Parole Law, Art. 42.-12, Vernon's Tex.Code Crim.Proc.Ann.,

particularly Sec. 7. Appellant contends that since he had perfected his appeal from the revocation of his probation and such appeal was pending at the time of Appellee's hearing, that the felony conviction was not a final conviction to satisfy the provision of Sec. 2, Art. 4505, V.A.T.C.S., which provides for revocation of a medical license, in the following terms:

"(2) Conviction of a crime of the grade of a felony, or one which involves moral turpitude, or procuring or aiding or abetting the procuring of a criminal abortion."

The felony conviction of January 6, 1967, was not appealed by Appellant, he only appealed from the revocation of his probation entered on July 26, 1968.

Art. 4, Sec. 11A, Constitution of the State of Texas, provides:

"The Courts of the State of Texas having original jurisdiction of criminal actions shall have the power, after conviction, to suspend the imposition or execution of sentence and to place the defendant upon probation and to reimpose such sentence, under such conditions as the Legislature may prescribe."

In construing the effect of the Adult Probation and Parole Law, supra, the wording of the statute itself in Sec. 8 provides for an appeal from the "trial and conviction" as well as another appeal from the revocation. Here, the Appellant appealed only from the revocation.

The Adult Probation and Parole Law in its purpose clause, Sec. 1, provides in part:

"It is the purpose of this Article to place wholly within the State courts of appropriate jurisdiction the responsibility for determining when the imposition of sentence in certain cases shall be suspended, the conditions of probation, and the supervision of probationers, in consonance with the powers assigned to the judicial branch of this government by the Constitution of Texas."

Sec. 2 of the Article provides in part:

"b. 'Probation' shall mean the release of a convicted defendant by a court under conditions imposed by the court for a specified period during which the imposition of sentence is suspended."

Sec. 3 empowers the judges of the Courts having original jurisdiction of criminal actions to place the defendant on probation "after conviction."

The legislative intent is abundantly clear in distinguishing the conviction of a crime from the imposition of the sentence. The Appellant failed to appeal from the conviction of January 6, 1967, and thereby the conviction became final. We hold that the wording of Art. 4505, Sec. 2, empowers the State Board of Medical Examiners to refuse a medical license or to cancel, revoke or suspend such license for conviction of a crime of the grade of a felony irrespective of the post-conviction authority of the Court in imposition of the sentence thereafter.

We further hold that the Appellee's action had reasonable support in substantial evidence. Administrative review in Texas has consistently been concerned with whether or not at the time the order was entered there existed sufficient facts to justify the action, rather than what the administrative agency actually heard. Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022 (1942). Points numbered two and three are overruled.

Appellant's fourth point of error involves the constitutionality of the revocation proceedings before the Appellee Board under the Texas and United States Constitutions. This same matter was discussed in Martinez v. The Texas State Board of Medical Examiners, 476 S.W.2d 400 (writ ref'd n. r. e.) on pages 404–405, and on the reasoning therein set forth, this point is overruled.

The judgment of the trial Court is affirmed.