**W. H. ROQUEMORE, Appellant,**

v.

**TEXAS REAL ESTATE COMMISSION,**
Appellee.

**No. 12067.**

Court of Civil Appeals of Texas,
Austin.

Oct. 24, 1973.

William Andress, Jr., Andress, Woodgate & Lodewick, Dallas, for appellant.

John L. Hill, Atty. Gen., John Reeves, Robert L. Oliver, Asst. Attys. Gen., Austin, for appellee.

SHANNON, Justice.

This appeal comes from the judgment of the district court of Travis County refusing to enter a writ of mandamus against the Texas Real Estate Commission commanding it to renew W. H. Roquemore's real estate broker's license for the year 1972. The issue concerns the effect on an

administrative order upon dismissal of the appeal from that order. We will affirm the judgment denying mandamus.

On July 13, 1970, the Texas Real Estate Commission entered an order revoking the 1970 real estate broker's license of Roquemore. Pursuant to Vernon's Tex.Rev.Civ. Stat.Ann. Art. 6573a, Sec. 21(a), Roquemore appealed that order by filing suit in the district court of Dallas County. On August 10, 1970, the Dallas County district court entered a temporary injunction enjoining the Commission from enforcing its order of revocation. The suit was never tried on the merits, but rather was dismissed on November 2, 1971 by the court for want of prosecution.

During the pendency of the temporary injunction the Commission issued Roquemore a real estate broker's license for 1971. After the dismissal of the suit, and in November, 1971, Roquemore applied for a renewal of his license for 1972. Upon the refusal of the Commission to renew, Roquemore filed the suit for mandamus.

Whether Roquemore is entitled to have the renewal license issued depends on whether the dismissal of the Dallas County suit had the effect of perpetuating the Commission's order revoking Roquemore's license or had the effect of terminating that order. We hold that the judgment of dismissal had the effect of perpetuating the order.

▆▆▆▆ Roquemore's appeal from the order of the Commission was governed by the substantial evidence rule. Kost v. Texas Real Estate Commission, 359 S.W.2d 306 (Tex.Civ.App.1962, writ ref'd), Tex. Rev.Civ.Stat.Ann. Art. 6573a, Sec. 21(a).[1]

In a substantial evidence review case the order of the administrative agency is presumed valid and the burden of proof is upon the party appealing to show it invalid. Isbell v. Brown, 196 S.W.2d 691 (Tex.Civ.App.1946, writ ref'd).

 As the order of the Commission was presumed valid until set aside, and as the appeal from that order was dismissed, the judgment of dismissal had the effect of perpetuating the Commission's order. See State Board of Medical Examiners v. Mann, 413 S.W.2d 382 (Tex.1967).[2]

The judgment denying the mandamus is affirmed.

Affirmed.

---

1. In 1963, Sec. 21(a) was amended and the following provision was deleted, "The case shall be tried in the District Court de novo, upon its merits, and it shall take a preponderance of the evidence offered before said District Court for the court to enter a judgment. The substantial evidence rule shall not be used, and the right of trial by jury shall be had in all cases when called for."

2. *Mann* was decided prior to June 1, 1967, when Tex.Rev.Civ.Stat.Ann. Art. 4506 was amended to provide for a substantial evidence rule appeal in place of a de novo appeal. Nevertheless, the reasoning of the court in that case is pertinent to the resolution of the case at bar.