**TEXAS REAL ESTATE COMMISSION, Appellant,**

v.

**Pascal White TURNER, Appellee.**

**No. 12471.**

Court of Civil Appeals of Texas, Austin.

Feb. 16, 1977.

Rehearing Denied March 9, 1977.

John L. Hill, Atty. Gen., Colin J. Carl, Asst. Atty. Gen., Austin, for appellants.

Bob Roberts, Byrd, Davis, Eisenberg & Clark, Austin, for appellee.

O'QUINN, Justice.

By its order entered in February of 1972, the Texas Real Estate Commission revoked the license of Pascal White Turner as a real

estate salesman, after a hearing on charges jointly against Joseph G. Goergen, a licensed real estate broker in whose employ Turner worked, and against Turner as salesman. The charges in brief were that fees had been paid to an unlicensed person, for assistance in procuring prospects who later bought real estate sold by Goergen and Turner, in violation of The Real Estate License Act of Texas.

On appeal to district court in Travis County, the trial court set aside the order of the Commission. From that judgment, the Commission, acting through the Attorney General, has appealed and brings two points of error.

We will sustain the position of the Commission that the trial court erred in failing to find that the order of the Commission was supported by substantial evidence, and will reverse judgment of the trial court and render judgment sustaining the order of the Commission.

Appellee Turner was employed as an agent in the real estate firm of Joseph G. Goergen, a licensed broker. In course of his employment, Turner obtained from a sergeant at Bergstrom Air Force Base lists showing names of military personnel being transferred to the Austin area. Using these names, Turner solicited real estate business of these individuals, and for each prospect reached by Turner, who subsequently purchased a home through the Goergen real estate agency, Turner by agreement paid fifty dollars to the sergeant who supplied the names. It is uncontested that the sergeant was not licensed to sell real estate.

After hearing before the Texas Real Estate Commission in February, 1972, the Commission issued an order providing in part:

". . . the Texas real estate salesman licensure privileges vested in Pascal White Turner be, and the same are, revoked and in all things held for naught as of midnight, February 27, 1972. IT IS FURTHER ORDERED that no action toward suspending or revoking the said Joseph G. Goergen's Texas real estate bro-

ker licensure privileges be taken as a result of this hearing, but the said Joseph G. Goergen is hereby specially cautioned to maintain proper supervision and control over his real estate brokerage business."

The Commission made the following findings of fact in its order:

". . . that during the last half of 1970, Joseph G. Goergen, then and now a Texas-licensed real estate broker, while acting as a real estate agent in Texas, did, through his agent, Pascal White Turner, then and now a Texas-licensed real estate salesman, pay fees to Gary Stegall in return for the said Gary Stegall's assistance in procuring prospects who purchased real property through the said Joseph G. Goergen's real estate agency; that the said Gary Stegall was not a Texas real estate licensee or an attorney-at-law at any time pertinent thereto; that the said Joseph G. Goergen had no knowledge of the said fees until questioned about them by a Texas Real Estate Commission representative after they had been paid; that the said acts on the part of the said Pascal White Turner constituted violations of Section 16(c)(6) of the Real Estate License Act and are cause for the suspension or revocation of the said Pascal White Turner's Texas real estate salesman licensure."

Following this ruling, Turner obtained a temporary restraining order in district court. Turner also sought review of the Commission's order, pursuant to Tex.Rev. Civ.Stat.Ann. art. 6573a, sec. 21 (1969), of The Real Estate License Act.

The trial court, after hearing evidence, entered judgment for Turner and set aside the Commission's order. The court made a specific finding of fact that the finding of fact of the Commission, "that the said Joseph G. Goergen had no knowledge of the said fees until questioned about them by a Texas Real Estate Commission representative after they had been paid," was not supported by substantial evidence.

■ It is settled that judicial review of an order of the Commission revoking a

license is governed by the substantial evidence rule. *Kost v. Texas Real Estate Commission,* 359 S.W.2d 306 (Tex.Civ.App. Texarkana 1962, writ ref.); *Roquemore v. Texas Real Estate Commission,* 501 S.W.2d 368 (Tex.Civ.App. Austin 1973, no writ).

The ultimate question for district court decision is whether at the time the Commission's order was entered there existed sufficient facts to justify entry of an order revoking a license. *Tongate v. Texas Real Estate Commission,* 450 S.W.2d 761 (Tex.Civ.App. Fort Worth 1970, no writ). The presumption of validity is with the order of the Commission and the party appealing from the order must bear the burden of proof to demonstrate invalidity of the order. *Roquemore v. Texas Real Estate Commission, supra.*

It is also established that in a substantial evidence review the role of the trial court is not to substitute its judgment or discretion for that of the administrative agency, or to determine the wisdom or desirability of the administrative order, but rather simply to sustain the order if supported by substantial evidence as presented before the trial court. *Shupee v. Railroad Commission,* 123 Tex. 521, 73 S.W.2d 505 (1934); *Jones v. Marsh,* 148 Tex. 362, 224 S.W.2d 198 (1949). Also see Reavley, *Substantial Evidence and Insubstantial Review in Texas,* 23 Sw.L.J. 239 (1969); Hamilton and Jewett, *The Administrative Procedure and Texas Register Act; Contested Cases and Judicial Review,* 54 Tex.L.Rev. 285, 295–302 (1976); 1 Tex.Jur.2d *Administrative Law* § 42 (1959).

The Commission brings two points of error. The second point claims error in failure of the trial court to find that the order revoking Turner's license was supported by substantial evidence. We sustain this point.

Evidence before the trial court provided ample substantial evidence to support the Commission's finding that Turner was in violation of the fee splitting provision of the Texas Real Estate License Act. Tex. Rev.Civ.Stat.Ann. art. 6573a, sec. 16(c)(6)

(1969). As pertains to substantial evidence directly relating to the revocation of Turner's license, it is not relevant whether his employer, Goergen, knew of the fee splitting arrangement. The evidence shows that Turner knew of the fee splitting, specifically had it called to his attention, and was instrumental in establishing the arrangement with the sergeant who was an unlicensed person.

Judgment of the district court is reversed. We render judgment reinstating and making effective the order of the Commission as provided in the order itself.

Reversed and Rendered.