**Norman Travis KILGORE, Appellant,**

v.

**TEXAS REAL ESTATE COMMISSION,**
**Appellee.**

**No. 17950.**

Court of Civil Appeals of Texas,
Fort Worth.

April 13, 1978.
Rehearing Denied May 11, 1978.

Adams & Keith and Darrell L. Keith, Euless, for appellant.

John L. Hill, Atty. Gen., Robert W. Gauss and Bill Campbell, Austin, for appellee.

OPINION

HUGHES, Justice.

Norman Travis Kilgore appealed the judgment of the trial court which upheld the action of the Texas Real Estate Commission in suspending Kilgore's real estate broker licensure privileges for a period of ninety days.

We affirm.

On March 20, 1976, Kilgore received earnest money ($500.00) from Mr. and Mrs.

Kenneth Brown (which they deposited in connection with their purchase of land from Mr. and Mrs. Harold Hearn.) The deal fell through. Both parties claimed Kilgore knew there was a dispute between the Hearns and the Browns over the $500.00 and he retained the money. The Commission informed Kilgore on August 31, 1976, that he should remit the money to one of the parties. Kilgore's attorney notified the Hearns and the Browns on September 2, 1976, that the money was in Kilgore's escrow account.

The Hearns demanded the money by letter dated September 8, 1976, (received by Kilgore's attorney in October, 1976). On November 17, 1976, Kilgore interplead the money into the registry of the court. The Commission instituted proceedings to remove Kilgore's license later in November and, on December 7, 1976, conducted a hearing which resulted in Kilgore's license being suspended for ninety days.

The trial court, on appeal from the Commission, restricted the evidence to the record produced at the Commission hearing. Trial court affirmed the Commissioner's order of license suspension.

Kilgore urges error because the trial court based its judicial review of Commission's decision upon application of the substantial evidence rule to the record made in the Commission hearing instead of application of such rule to the evidence heard by the trial court.

Kilgore contends that the Administrative Procedure and Texas Register Act (APTRA), art. 6252–13a, Section 19, is unclear as to review of appeals under existing statutes involving the substantial evidence rule.

We do not agree. APTRA, Section 19(d)(3) provides:

"(d) If the manner of review authorized by law for the decision complained of is *other than by trial de novo* :

"(3) the review is conducted by the court sitting without a jury *and is confined to the record*, except that the court may receive evidence of procedural irregularities alleged to have occurred before the agency but which are not reflected in the record." (Procedural irregularities are not of issue in this case.) (Emphasis added.)

Section 19(e) of APTRA provides:

"(e) The scope of judicial review of agency decisions is as provided by the law under which review is sought. Where the law authorizes appeal by trial de novo, the courts shall try the case in the manner applicable to other civil suits in this state and as though there had been no intervening agency action or decision. Where the law authorizes review under the substantial evidence rule, or where the law does not define the scope of judicial review, the court may not substitute its judgment for that of the agency as to the weight of the evidence on questions committed to agency discretion but may affirm the decision of the agency in whole or in part and shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

"(1) in violation of constitutional or statutory provisions;

"(2) in excess of the statutory authority of the agency;

"(3) made upon unlawful procedure;

"(4) affected by other error of law;

"(5) not reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole; or

"(6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

There is no dispute that, before APTRA was adopted, the manner of review from Texas Real Estate Commission rulings was "other than by trial de novo". *Kost v. Texas Real Estate Commission*, 359 S.W.2d 306 (Tex.Civ.App.—Texarkana 1962, writ ref'd). We agree with the reasoning of the trial judge that, with APTRA, the legislature intended to adopt just two standards of review: (1) Trial de novo, and (2) substantial evidence on the agency record.

Section 19(d)(2) of APTRA provides:

"(2) any party may apply to the court for leave to present additional evidence and the court, if it is satisfied that the additional evidence is material and that there were good reasons for the failure to present it in the proceeding before the agency, may order that the additional evidence be taken before the agency on conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file such evidence and any modifications, new findings, or decisions with the reviewing court; . . . ."

This provision for the trial court to send matters back to the agency for further fact finding, instead of the court finding such facts for itself, evidences even more the intent of the legislature to restrict the evidence taking to the agency. No request was made by Kilgore to present more evidence to Commission.

We, therefore, hold that trial court was correct in passing on the question of whether suspension of Kilgore's licensure was supported by substantial evidence.

Kilgore in his Point of Error Number 2 complains that there was not more than a scintilla of evidence to support Commission's findings that Kilgore violated Section 15(4)(E), Article 6573a V.T.C.S. of the Real Estate License Act in "(E) failing within a reasonable time properly to account for or remit money coming into his possession which belongs to others . . . ."

Kilgore's position is that, in informing the Hearns and the Browns of the whereabouts of the money in dispute (in his escrow account), he had "accounted for" the money and could not be held liable under the statute for failure to remit. Further, he contends that Commission's failure to make a separate fact finding on "failure to account for" apart from the "failure to remit" rendered their findings invalid. We disagree, since it has been held that "to 'account for' means to pay to the one entitled thereto monies coming into his possession which belong to others." *Texas Real Estate Commission v. Bentley*, 253 S.W.2d 325 (Tex.Civ.App.—Austin 1952, no writ).

On page 65 of the Statement of Facts from the Commission hearing Kilgore admitted knowing in April 1976 that there was a dispute over the money and stated, in answer to why he waited from April 8 to September to do anything about disposing of the funds: "And the Browns were asking for the money and the Hearns did not want to release it." Then, in answer to why he did not pay it to the Hearns: "We didn't have the release from the Hearns, they were asking for the money?" We hold that the Commission's findings were supported by the evidence under APTRA and by the presumption of validity of orders of administrative agencies. *Roquemore v. Texas Real Estate Commission*, 501 S.W.2d 368 (Tex.Civ.App.—Austin 1973, no writ). We overrule Point of Error Number 3 for the reasons stated.

We overrule Point of Error Number 4 which avers unconstitutionality of the Commission's action due to violation of Kilgore's right to due process. The complaint stated is that the two statutes here involved are so vague that there is a substantial risk of miscalculation by those whose acts are subject to regulation. Specifically, Kilgore charges that such statutes fail to clearly define the method of judicial review for an appellant. We disagree. We hold that APTRA, Section 19(d)(3) clearly requires a review confined to the record under the substantial evidence rule specifically set up for review *other than by trial de novo*.

We affirm the judgment of the trial court.