**TEXAS EMPLOYMENT COMMISSION, Appellant,**

v.

**SCHEPPS DAIRY, INC., Appellee.**

**No. 5370.**

Court of Civil Appeals of Texas, Eastland.

Nov. 29, 1979.

Rehearing Denied Dec. 20, 1979.

---

Bill Kimbrough, Asst. Atty. Gen., Austin, for appellant.

Aaron Kaufman, Oster & Kaufman, Dallas, for appellee.

McCLOUD, Chief Justice.

Schepps Dairy, Inc. filed suit against the Texas Employment Commission and Gerald

Kissentaner, former employee of Schepps, seeking judicial review of a decision of the Commission awarding unemployment benefits to Kissentaner. Following a pretrial hearing, the court ordered that the review be by trial de novo. After a nonjury trial, which included the testimony of three witnesses, the court rendered judgment in favor of Schepps setting aside the administrative decision of the Commission. The Commission appeals. We reverse and remand.

The Commission first argues that the court erred in ordering that the review of the Commission's decision be by trial de novo. We agree.

Schepps contends that at the time the instant case was tried, January 24, 1979, the administrative decisions of the Texas Employment Commission were subject to judicial review pursuant to Tex.Rev.Civ.Stat. Ann. art. 6252–13a (Administrative Procedure and Texas Register Act—hereafter referred to as APA).[1] We agree. *Moore v. Texas Employment Commission*, 565 S.W.2d 246 (Tex.Civ.App.—Houston (14th Dist.) 1977, no writ). Schepps further argues that the APA required the review be by "pure trial de novo" and not the substantial evidence rule. We disagree.

The statute which specifically authorizes judicial review of Commission decisions, Tex.Rev.Civ.Stat.Ann. art. 5221b–4, states in paragraph (i) that such trial "shall be de novo." It further provides, however, that a petition for judicial review shall not act as a supersedeas. See *Southern Canal Co. v. State Board of Water Eng.*, 159 Tex. 227, 318 S.W.2d 619, 622 (1958). It was well established before the enactment of the APA that the validity of a decision of the Texas Employment Commission was to be tested under the substantial evidence rule. *Texas Employment Commission v. Holberg*, 440 S.W.2d 38 (Tex.1969). Our Supreme Court in *Southwestern Bell Telephone Co. v. Public Utility Commission*, 571 S.W.2d

503 (Tex.1978) pointed out that Section 19 of the APA provides that in contested cases there are now only two types of review— "pure trial de novo or review confined to the agency record."

Section 19 of the APA provides in part:

(3) the filing of the petition vacates an agency decision for which trial de novo is the manner of review authorized by law, but does not affect the enforcement of an agency decision for which another manner of review is authorized.

(c) If the manner of review authorized by law for the decision complained of is by trial de novo, the reviewing court shall try all issues of fact and law in the manner applicable to other civil suits in this state but may not admit in evidence the fact of prior agency action or the nature of that action (except to the limited extent necessary to show compliance with statutory provisions which vest jurisdiction in the court). Any party to a trial de novo review may have, on demand, a jury determination of all issues of fact on which such a determination could be had in other civil suits in this state.

(d) If the manner of review authorized by law for the decision complained of is other than by trial de novo:

\* \* \* \* \* \*

(3) the review is conducted by the court sitting without a jury and is confined to the record, except that the court may receive evidence of procedural irregularities alleged to have occurred before the agency but which are not reflected in the record.

(e) The scope of judicial review of agency decisions is as provided by the law under which review is sought. Where the law authorizes appeal by trial de novo, the courts shall try the case in the manner applicable to other civil suits in this state and as though there had been no

1. Effective August 27, 1979, Section 21, of Article 6252–13a was amended in paragraph (f) to provide that Sections 12 through 20 of the APA do not apply to hearings by the Texas Employment Commission to determine whether or not a claimant is entitled to unemployment compensation. 1979 Tex.Gen.Laws, ch. 521, § 1, at 1105.

intervening agency action or decision. Where the law authorizes review under the substantial evidence rule, or where the law does not define the scope of judicial review, the court may not substitute its judgment for that of the agency as to the weight of the evidence on questions committed to agency discretion but may affirm the decision of the agency in whole or in part and shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) in violation of constitutional or statutory provisions;

(2) in excess of the statutory authority of the agency;

(3) made upon unlawful procedure;

(4) affected by other error of law;

(5) not reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole; or

(6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Before the APA was adopted, the decisions of the Texas Employment Commission were reviewed by the substantial evidence rule. The manner of review authorized by law was "other than by trial de novo." Section 19(d)(3) of the APA clearly required, at the time of the instant trial, that the review be confined to the agency record. The court, therefore, erred in ordering that the review be by trial de novo. See *Kilgore v. Texas Real Estate Commission*, 565 S.W.2d 114 (Tex.Civ.App.—Fort Worth 1978, no writ).

The record made before the administrative agency is not a part of our record in this case. We are unable to determine if the Commission's findings are reasonably supported by substantial evidence.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

