

# The Attorney General of Texas

May 28, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce. Suite 200
Dallas. TX. 75202
214/742-8944

4824 Alberta Ave.. Suite 160
El Paso. TX. 79905
915/533-3484

1220 Dallas Ave.. Suite 202
Houston. TX. 77002
713/650-0666

806 Broadway. Suite 312
Lubbock. TX. 79401
806/747-5238

4309 N. Tenth. Suite B
McAllen. TX. 78601
512/682-4547

200 Main Plaza. Suite 400
San Antonio. TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jimmy Mankins, Chairman
Committee on Employment Practices
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78769

Opinion No. MW-184

Re: Procedure in assessing costs in the Crime Victims Compensation Act, article 8309-1, V.T.C.S.

Dear Mr. Mankins:

You have asked our opinion in construing article 8309-1, V.T.C.S., the Crime Victims Compensation Act. The relevant portion of the Act reads:

> Sec. 14 (a) The Compensation to Victims of Crime Fund is created in the State Treasury to be used by the board for the payment of compensation to claimants under this Act and other expenses in administering this Act. The board shall make no payments which exceed the amount of money in the fund. No general revenues may be used for payments under this Act.
>
> (b) A person shall pay $15 as a court cost, in addition to other court costs, on conviction of any felony and shall pay $10 as a court cost, in addition to other court costs, on conviction of a misdemeanor punishable by imprisonment or by a fine of more than $200.
>
> (c) Court costs under this section are collected in the same manner as other fines or costs.

Your first question is:

> Should the costs provided in Article 8309-1 be assessed on probated cases?

It is well established that the granting of probation in a felony case suspends only the sentence, not the conviction, which is final once the right of appeal is exhausted. Clapper v. State, 562 S.W.2d 250, 252 (Tex. Crim. App. 1978); Savant v. State, 535 S.W.2d 190, 191 (Tex. Crim. App. 1976);

Nealy v. State, 500 S.W.2d 122 (Tex. Crim. App. 1973); See Cooper v. Texas Board of Medical Examiners, 489 S.W.2d 129, 132 (Tex. Civ. App. — El Paso 1972, writ ref'd n.r.e.), cert. denied 414 U.S. 1072, (1973), reh. denied, 414 U.S. 1172, (1974), (probated felony conviction resulted in license revocation); Attorney General Opinions MW-133 (1980); M-1057 (1972).

The 1979 amendments to article 42.13, sections 3 and 3a, Code of Criminal Procedure, Misdemeanor Adult Probation and Supervision Law, track the language of the felony probation statute, article 42.12, Code of Criminal Procedure. Article 42.12 provides in part:

> Sec. 3. The judges of the courts of the State of Texas having original jurisdiction of criminal actions, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby, shall have the power, after conviction or a plea of guilty for any crime or offense, where the maximum punishment assessed against the defendant does not exceed ten years imprisonment, to suspend the imposition of the sentence and may place the defendant on probation or impose a fine applicable to the offense committed and also place the defendant on probation as hereinafter provided.

> Sec. 3a. Where there is a conviction in any court of this State and the punishment assessed by the jury shall not exceed ten years, the jury may recommend probation for a period of any term of years authorized for the offense for which the defendant was convicted, . . .

The new article 42.13 now speaks in terms of "conviction" and indicates that, like felony probation, misdemeanor probation suspends only the sentence and not the conviction. Attorney General Opinion MW-133 (1980).

A deferred adjudication of guilt establishes a different procedure for probation. The relevant portion of article 42.13, section 3d provides:

> (a) When in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation on reasonable terms and conditions as the court may require and for a period as the court may prescribe not to exceed the maximum period of imprisonment for the offense for which defendant is charged. However, upon written motion of the defendant requesting final adjudication filed within 30 days after entering such plea and the deferment of adjudication, the court shall proceed to final adjudication as in all other cases.

(b) On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

Ex parte Laday (No. 63,379, Tex. Crim. App., Feb. 20, 1980) and Crutchfield v. State, 560 S.W.2d 685, 686 (Tex. Crim. App. 1978), both hold that an adjudication made under article 42.13, section 3d does not establish a judgment of conviction. A final conviction is recorded at a hearing held only if defendant has violated a condition of his original probation. Walker v. State, 557 S.W.2d 785, 786 (Tex. Crim. App. 1977).

Therefore, since article 8309-1, section 14(b) speaks in terms of "conviction" and since in article 42.12, sections 3, 3a and article 42.13, sections 3, 3a, adjudication of guilt results in final conviction, costs should be assessed in those probated cases. In a probation under article 42.13, section 3d, however, final conviction is deferred until the revocation of probation, if any. Article 8309-1 costs cannot be assessed until the court, in such a case, grants final conviction after the revocation.

Your second question is:

Are the costs provided in Article 8309-1 to be assessed as to crimes committed before September 1, 1979?

A similar question was addressed in Attorney General Opinion M-983 (1971) which involved a fee of $2.50 denominated as costs of court and payable upon conviction of certain misdemeanors. The opinion concluded that the fee could not be assessed on offenses committed prior to the effective date of the statute. On the basis of that opinion, it is our opinion that the costs provided for in article 8309-1 may not be collected on conviction of a crime committed prior to September 1, 1979. See Tex. Const. art. I, S 16.

## SUMMARY

A person granted probation under article 42.12, sections 3, 3a or article 42.13, sections 3, 3a of the Code of Criminal Procedure has a final conviction and, as such, should be assessed the costs provided in article 8309-1. A person granted probation under article 42.13, section 3d of the Code of Criminal Procedure does not have a final conviction and cannot be assessed article 8309-1

costs.   Costs imposed by article 8309-1, V.T.C.S., may not be assessed on conviction of crimes committed before September 1, 1979.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. PAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Dawn Bruner
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Dawn Bruner
Susan Garrison
Rick Gilpin
Jim Simpkins
Bruce Youngblood