Harry Leroy KELLEY, Appellant,

v.

TEXAS REAL ESTATE COMMISSION, Appellee.

No. B14–83–644CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 26, 1984.

Rehearing Denied May 17, 1984.

Philip W. Boyko, Margaret Garner Mirabal, Houston, for appellant.

George Warner, Austin, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Harry Leroy Kelley, appeals from a judgment affirming the revocation of his real estate broker license by the Texas Real Estate Commission. On March 8, 1983, the Texas Real Estate Commission convened an administrative hearing to determine whether to revoke appellant's license based upon several complaints from members of the public alleging misconduct. On May 5, 1983, the Commission entered an order revoking appellant's license. After the Commission overruled appellant's Motion for Rehearing, appellant appealed to the 61st District Court of Harris County, which affirmed the Commission order. After a hearing, appellant obtained a stay of the enforcement of the revocation order by filing a $2,500.00 supersedeas bond. He then perfected this appeal. We affirm the judgment of the trial court, which affirmed the Commission's order revoking appellant's license.

Appellant brings five points of error on appeal. In points of error one, two, three and four, appellant contends that the Texas Real Estate Commission's conclusion that he violated Sections 15(4)(B), (V)[1] of the Texas Real Estate License Act in connection with his dealings with the following: (1) Greg Taylor, (2) Raymond G. Stead, (3)

Mr. and Mrs. Lawrence G.W. Twardy and (4) Ernest W. Pounders, was not reasonably supported by substantial evidence in view of the evidence in the record as a whole, and therefore, the trial court erred in refusing to set aside the Commission's revocation order. In point of error five, appellant argues that the Commission's revocation order, because it was not supported by substantial evidence, was arbitrary, capricious, an abuse of discretion and in excess of the Commission's statutory authority. We disagree.

This case involves the purchase of lots in a subdivision in Montgomery County. All four purchasers visited the property on different days between May and August of 1981 when the subdivision was in a pre-development stage. At this time, the roads and utilities had not been installed, trees had not been cleared and the only access to the property was by four-wheel drive vehicle. Each purchaser signed a contract for the purchase of a lot on his first visit to the subdivision.

Each contract contained the following provision:

National Land Co. will be responsible for providing roads. The roads will be maintained by the County of Montgomery. Water will be provided by Spectra Corp. Sewers will be the responsibility of the individual property owner. The completion of the roads and amenities will be on or before December 31, 1983.

Four purchasers, Mr. Raymond G. Stead, Mr. Lawrence G.W. Twardy, Mr. Ernest W. Pounders, and Mr. Greg Taylor, testified, however, that appellant represented to each of them separately that the roads would be completed by August of 1981 and that the utilities, particularly the water and electricity, would be in service by that date. Each testified that appellant persuaded him to believe his representation rather than that of the contract and that the representation induced him to purchase property.

---

1. Tex.Rev.Civ.Stat.Ann. art. 6573a §§ 15(4)(B), (V) (Vernon Supp.1982–83) are identical to Tex. Rev.Civ.Stat.Ann. art. 6573a §§ 15(6)(B), (V) (Vernon Supp.1984).

Electricity was not made available to the first section of the subdivision, in which all four individuals purchased lots, until mid-December of 1981. Water was not available to the first section until early January of 1982, and the roads were not finished in the whole subdivision until November of 1982.

Due to the delay, the purchasers became upset. They contacted the Attorney General's Office, the Better Business Bureau, the District Attorney's office and H.U.D., to no avail. They discussed their mutual complaints with one another, and learned that another property owner, Malcolm Johnson, had filed a complaint with the Texas Real Estate Commission about a different problem. The four aggrieved purchasers decided to go to the Commission with their complaints.

The Texas Real Estate Commission wrote a complaint letter dated February 18, 1983 to appellant. At the commission hearing, appellant denied that he told the purchasers the roads and utilities would be available to their lots by August or September of 1981. Over an eighteen to twenty-four month period from 1981 to 1983, appellant sold approximately 250 out of the 268 lots in the subdivision, and only these four purchasers filed complaints.

In points of error one, two, three and four, appellant alleges that the charges that he violated Sections 15(4)(B), (V)[2] of the Texas Real Estate License Act were not supported by substantial evidence. We disagree.

■ The Texas Real Estate License Act authorizes judicial review of an administrative decision of the Texas Real Estate Commission. Tex.Rev.Civ.Stat.Ann. art. 6573a § 18 (Vernon Supp.1984). Because this article does not define the scope of judicial review, the scope is determined by the Administrative Procedure and Texas Register Act. Tex.Rev.Civ.Stat.Ann. art. 6252–13a § 19 (Vernon Supp.1984). Article 6252–13a § 19(e) requires that the Substantial Evidence Rule govern judicial review of administrative agency decisions in cases in which the agency's law does not define the scope of judicial review. Under this standard, the decision is deemed prima facie valid; *Imperial Am. Resources Fund v. R.R. Commission of Texas*, 557 S.W.2d 280 (Tex.1977); and the one contesting it (appellant) has the burden of proof to demonstrate the invalidity of the order. *Texas Real Estate Commission v. Turner*, 547 S.W.2d 70 (Tex.Civ.App.–Austin 1977, writ ref'd n.r.e.).

■ The Substantial Evidence Rule has been expressed as "whether the evidence as a whole is such that reasonable minds could have reached the conclusions that the agency must have reached in order to justify its action." *Dotson v. Texas State Board of Medical Examiners*, 612 S.W.2d 921, 922 (Tex.1981). When substantial evidence supports an agency decision, Section 19(e) of the Administrative Procedure Act prohibits the court from substituting its judgment for that of the agency, even though the court might have struck a different balance. Tex.Civ.Stat.Ann. art. 6252–13a § 19 (Vernon Supp.1982–83).

Sec. 15.... The Commission may suspend or revoke a license issued under the provisions of this Act at any time when it has been determined that:

(4) the licensee, while performing an act constituting an act of a broker or salesman, as defined by this Act, has been guilty of:

(B) making a false promise of a character likely to influence, persuade or induce any person to enter into contract or agreement when the licensee could not or did not intend to keep such promise.

**2.** See footnote 1.

(V) conduct which constitutes dishonest dealings, bad faith or untrustworthiness.[3]

Appellant contends that § 15(4)(B) deals only with promises that the broker or salesman could perform himself, and that because the promise in our case was that amenities would be installed by third parties § 15(4)(B) does not apply. We disagree.

The statute speaks of promises the broker "could not" keep. By its own language, the statute clearly applies to a promise of the type made by appellant. Furthermore, this provision is meant to prevent inducement by false promise. A promise that a third party will do something is an inducement just as is a promise by the promissor that he will do something.

Appellant argues that § 15(4)(V) requires evidence of the broker's bad intent. He claims that "bad faith", "dishonesty" and "untrustworthiness" all require a showing of intent, and that because no such showing was made here, there is not substantial evidence to support the Commission's decision.

Essentially, appellant asserts that these elements are equivalent to common law fraud and require evidence to prove that appellant knew the representations were false when he made them.

It is a rule of statutory construction that every word of a statute must be presumed to have been used for a purpose. *Eddins-Walcher Butane Co. v. Calvert,* 156 Tex. 587, 298 S.W.2d 93, 96 (1957). Likewise, we believe every word excluded from a statute must also be presumed to have been excluded for a purpose. Only when it is necessary to give effect to the clear legislative intent can we insert additional words or requirements into a statutory provision. *Mauzy v. Legislative Redistricting Board,* 471 S.W.2d 570, 572 (Tex.1971); *See Texas & N.O. R. Co. v. Texas Railroad Comm.,* 145 Tex. 541, 200 S.W.2d 626, 629 (1947).

*Cameron v. Terrell and Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex.1981). If the legislature meant fraud, it could have used that term. The use of the words: "bad faith", "dishonesty" and "untrustworthiness" shows an intent to prevent acts even less culpable than common law fraud.

Furthermore, even if fraud were required in order to violate § 15(4)(V), the Commission did not have to show that appellant knew the representations were false. "The maker of false representation need not, in every instance, know it is false for the statement to form the basis for actionable fraud." *Wright v. Carpenter,* 579 S.W.2d 575, 579 (Tex.Civ.App.–Corpus Christi 1979, writ ref'd n.r.e.). Expressions of opinions on the happening of a future event may constitute fraud "where the speaker purports to have special knowledge of facts that will occur or exist in the future." *Trenholm v. Ratcliff,* 646 S.W.2d 927, 930 (Tex.1983).

In our case, appellant purported to have special knowledge, and this knowledge induced others to depend upon promises which were not true. Appellant's actions violated Tex.Rev.Civ.Stat.Ann. art. 6573a §§ 15(4)(B), (V) and constituted fraud. There being substantial evidence of this violation, we overrule points of error one, two, three and four.

In point of error five, appellant contends that in view of the lack of substantial evidence to support the Commission's decision, a revocation of his license was arbitrary, capricious, and abuse of discretion, and outside the scope of the Commission's authority. We disagree. As discussed above, we hold that there was substantial evidence to support the Commission's decision. Therefore, appellant's claims under point of error five are without merit. We overrule point of error five.

Accordingly, we affirm the judgment of the trial court.

**3.** See footnote 1.