**Ex parte J. Boyd DAVIS, Relator.**

**No. B–2760.**

Supreme Court of Texas.

July 28, 1971.

Rehearing Denied Oct. 6, 1971.

H. Herbert Oldham and Phillip Bordages, Beaumont, for relator.

Dale Dowell, Beaumont, for respondent.

PER CURIAM.

The relator, J. Boyd Davis, pastor of the Bible Baptist Church of Beaumont, seeks a writ of habeas corpus releasing him from restraint of a contempt order of the 58th District Court of Jefferson County. Relator was held in contempt on May 10, 1971, for violating a temporary injunction issued May 16, 1962 by the same court in the case of Gray v. Brite and affirmed by the Beaumont Court of Civil Appeals, 377 S.W.2d 223 (Tex.Civ.App.1964, no writ). The temporary injunction was issued "pending final hearing and determination of this case" enjoining Roy D. Brite and wife from making use of certain tracts of land which they owned in the Lakeview Terrace Addition to the City of Beaumont for the purpose of an animal clinic or for any purpose other than residential use. There was no subsequent hearing on the merits or issuance of a permanent injunction. There is no evidence that Mr. or Mrs. Brite ever violated the terms of the temporary injunction or caused others to do so.

On August 16, 1965, the Brites conveyed the property to the Bible Baptist Church, whose pastor is relator here. After learning of the conveyance, the plaintiffs in the original suit, through their attorney, wrote a letter to Bible Baptist Church, attention Rev. J. Boyd Davis, reciting certain residential restrictions recorded in the Jefferson County deed records, enclosing a copy of the temporary injunction against the Brites, and stating that "our clients would be forced to file injunction proceedings against you to enforce such restrictions" if a church structure were placed upon the property. On April 28, 1971, the Bible Baptist Church moved a structure to be used as a church building onto the property. It is this act and Mr. Davis' refusal to remove the structure which caused him to be held in contempt of the temporary injunction issued May 16, 1962, fined and ordered to jail until he removed the church building.

Rule 683, Texas Rules of Civil Procedure, states that an injunction is " * * * binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them * * *." Neither Bible Baptist Church nor J. Boyd Davis were parties to the 1962 temporary injunction. The question here is whether a non-party to the original injunction proceeding, was in active concert or participation with the Brites. This court in Ex Parte Foster, 144 Tex. 65, 188 S.W.2d 382 (1945) said that while a person

not named as a party is not ordinarily bound by the terms of the injunction decree and therefore cannot be punished for violating its terms, he is "in active concert or participation" with the named party if he participated in the original proceeding and was a real party in interest when the decree was rendered. There are other Texas cases dealing with "active concert or participation", but they all contain some evidence of involvement with the named enjoined party or involvement in the original injunctive proceeding. Ex Parte La Rocca, 154 Tex. 618, 282 S.W.2d 700 (1955); Ex Parte Conger, 163 Tex. 505, 357 S.W.2d 740 (1962).

The United States Supreme Court in interpreting Rule 65(d) F.R.C.P., from which Texas Rule 683 is taken, said in Regal Knitwear Co. v. Board, 324 U.S. 9, 14, 65 S.Ct. 478, 481, 89 L.Ed. 661 (1944), that the inclusion of those in "active concert or participation with them" is so that "defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." If a non-party does an act prohibited by the injunction he must be in active concert or participation with the named party in order to be in contempt for violation of the injunction.

No fact presented here establishes that relator was a party at interest in the original proceeding as in *Foster*, supra, or that there was any relationship between him and the Brites other than the subsequent grantor-grantee relationship of his church.

Respondents insist that, as grantee of the Brites, Bible Baptist Church and its pastor were "privy" to them. For some purposes this may be true, but standing alone it is not the type of relationship which brings them within the class of persons bound by a temporary injunction under the terms of Rule 683 and punishable for violation thereof. The remedy of injunction generally acts, not in rem, but in personam. City of Dallas v. Wright, 120 Tex. 190, 36 S.W.2d 973, 976 (1931); Cun-

ningham v. State, 353 S.W.2d 514 (Tex. Civ.App.1962, writ ref. n. r. e.). The temporary injunction here was against the Brites only. It did not attempt to include their successors in ownership of the property. In *Regal,* supra, it was held that even when the injunction is worded to include "successors and assigns", it is not effective as to non-party successors because the "enforcement order of course may not enlarge its scope beyond that defined by the the Federal Rules of Civil Procedure." 324 U.S. 9, 14, 65 S.Ct. at 481.

For the reasons stated, the trial court's action holding relator in contempt of the temporary injunction is void. This holding obviates the need of passing upon relator's other grounds for relief, which include questions of due process and impossibility of performance.

Accordingly, it is ordered that relator be discharged and released.