**Edmund WOOD and Don Taylor, Appellants,**

v.

**Christina B. SWANN, Dale Allen Swann and Larry S. Parnass, Receiver, Appellees.**

**No. 05–82–00234–CV.**

Court of Appeals of Texas, Dallas.

Oct. 12, 1982.

Fred R. Brown, Brown & Brown, Inc., Garland, for appellants.

John Holman Barr, Burt Barr & Associates, Robert H. Renneker, Weil, Brutsché & Clements, Dallas, for appellees.

Before ALLEN, STEPHENS and GUILLOT, JJ.

ON MOTION FOR REHEARING

GUILLOT, Justice.

We withdraw our former opinion.

Appellant, Edmund Wood, has filed a motion for rehearing in which he asserts nine points of error. Because we agree with his first point of error, we need not discuss the others.

This is an appeal from the 302nd Judicial District Court, John Whittington presiding, in a divorce case in which Christina B. Swann was petitioner and Dale Allen Swann was respondent. Appellants were not parties to that divorce suit.

The trial court granted the divorce on October 4, 1981 and on the same day signed

a temporary restraining order restraining appellant Wood from conducting a trustee's sale of the Swanns' property pursuant to a deed of trust. Appellant Wood searched the court's file to determine if the Swanns had filed a bond and to determine if the clerk had issued a citation and a restraining order on him. Wood was unsuccessful in his efforts and, believing no proper process had been issued, held a trustee's sale at which sale Don Taylor purchased the property.

On November 4th, 1981, Christina Swann filed a motion to hold appellant Wood in contempt; to appoint a receiver to take charge of the property; and to hold the trustee's sale null and void. After hearing testimony, the court granted all the relief sought by Mrs. Swann.

In his first point of error, appellant Wood contends the trial court's judgment voiding the trustee's sale was in error because the restraining order was void. In support of this contention, appellant cites three defects in the manner in which the restraining order was issued:

a) it purports to restrain an individual who is not a party to the pending litigation nor acting in concert with a party;

b) no affidavit was filed by the complaining party prior to the issuance of the order;

c) no proper bond was filed.

The first point is well-taken.

The trial court had no authority to issue without notice the temporary restraining order on appellant because he was not a party to the divorce action, nor was he acting in concert with any party. *Ex parte Davis,* 470 S.W.2d 647 (Tex.1971); Vernon's Ann.Rules Civ.Proc., Rule 683.

Because the restraining order was void, the appointment of a receiver was void. Furthermore, when appellant Wood held the foreclosure sale and transferred title to Don Taylor, he effectively removed the property from the ownership of the Swanns. Thus, there was no property for the receiver to take charge of.

Consequently we reverse and render the judgment of the trial court. Costs are taxed against Christina Swann.