ACCEPTED
15-24-00114-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/4/2025 5:51 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00114-CV

IN THE FIFTEENTH COURT OF APPEALS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/4/2025 5:51:39 PM
CHRISTOPHER A. PRINE
Clerk

CECILE ERWIN YOUNG, IN HER OFFICIAL CAPACITY AS EXECUTIVE
COMMISSIONER OF THE TEXAS HEALTH AND HUMAN SERVICES COMMISSION,
MOLINA HEALTHCARE OF TEXAS, INC., AND AETNA BETTER HEALTH OF
TEXAS, INC.,
*Appellants,*

v.

COOK CHILDREN'S HEALTH PLAN, TEXAS CHILDREN'S HEALTH PLAN,
SUPERIOR HEALTH PLAN, INC., AND WELLPOINT INSURANCE COMPANY
*Appellees.*

On Interlocutory Appeal from the 455th Judicial District Court, Travis County
Cause No. D-1-GN-24-003839

APPELLEES' JOINT REPLY IN SUPPORT OF MOTION TO DISMISS APPEALS OF
AETNA BETTER HEALTH OF TEXAS, INC. AND MOLINA HEALTHCARE OF
TEXAS, INC. FOR LACK OF JURISDICTION AND REQUEST FOR EXPEDITED
CONSIDERATION

# TABLE OF CONTENTS

Index of Authorities ........................................................................................... 3

Introduction......................................................................................................... 7

Summary of the Reply ........................................................................................ 8

Argument ........................................................................................................... 10

I.    Aetna and Molina do *not* have contracts with HHSC as a result of the challenged procurement, and halting the procurement does *not* harm the public but rather stabilizes the current program. ..................................... 10

II.   Whether Aetna and Molina are proper parties is jurisdictional as to their participation in this appeal. ............................................................... 12

III.  Aetna and Molina cannot appeal because they are neither parties in the trial court nor bound by the injunction........................................................ 15

    A.    Aetna's and Molina's attempts to intervene in the trial court are ineffective until Section 51.014(b)'s automatic stay is lifted. ........... 15

    B.    The Court should reject Molina's argument that the stay did not apply because its intervention was filed on the same day as the notice of appeal. ............................................................................... 21

    C.    The trial court did not enjoin Aetna or Molina. ............................... 23

IV.   For a non-party, being merely affected or aggrieved by an order does not confer a right to appeal. ........................................................................ 27

V.    Aetna and Molina do not satisfy the stringent requirements of virtual representation........................................................................................... 29

VI.   The equities do not favor Aetna's and Molina's participation. ..................... 31

Conclusion ........................................................................................................ 33

Certificate of Service......................................................................................... 36

Certificate of Compliance.................................................................................. 37

**Cases**

*Barshop v. Medina Cnty. Underground Water Conservation Dist.*,
925 S.W.2d 618 (Tex. 1996)............................................................... 12, 13

*Chambers-Liberty Cntys. Navigation Dist. v. State*,
575 S.W.3d 339 (Tex. 2019).........................................................13, 14, 33

*Ex parte Chambers*,
898 S.W.2d 257 (Tex. 1995).................................................................24, 25

*In re Dallas Cnty.*,
697 S.W.3d 142 (Tex. 2024).................................................................15, 20

*Ex parte Davis*,
470 S.W.2d 647 (Tex. 1971) (per curiam) .......................................25, 26

*Dulin v. State*,
620 S.W.3d 129 (Tex. Crim. App. 2021)............................................. 18

*Egypt Land Devs., LP v. AXA Seguros, S.A. de C.V.*,
No. 09-21-00280-CV, 2022 WL 3905768 (Tex. App.—Beaumont
Aug. 31, 2022, no pet.) ....................................................................... 29

*Elec. Reliability Council of Tex., Inc. v. CPS Energy*,
648 S.W.3d 520 (Tex. App.—San Antonio 2021), *aff'd and rev'd
on other grounds*, 671 S.W.3d 605 (Tex. 2023) ...........................30, 31

*Gerjets v. Davila*,
116 S.W.3d 864 (Tex. App.—Corpus Christi-Edinburg 2003, no
pet.) .......................................................................................................29

*Giles v. Poole*,
239 SW.2d 665 (Tex App.—Austin 1951, writ dism'd)..............28, 29

*In Interest of H.S.*,
550 S.W.3d 151 (Tex. 2018)................................................................ 19

*In re Helena Chemical Co.*,
286 S.W.3d 492 (Tex. App.–Corpus Christi–Edinburg 2009, orig.
proceeding)............................................................................................ 16

*James v. Brown*,
637 S.W.2d 914 (Tex. 1982) (per curiam) ........................................................ 17

*Janvey v. GMAG, L.L.C.*,
592 S.W.3d 125 (Tex. 2019) ........................................................................ 16, 17

*Kelley v. Tex. Real Estate Comm'n*,
671 S.W.2d 936 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd
n.r.e.) ................................................................................................................ 19

*Kitty Hawk Aircargo, Inc. v. Chao*,
418 F.3d 453 (5th Cir. 2005) ........................................................................... 13

*Landry v. Burge*,
No. 05-99-01217-CV, 2000 WL 1456471 (Tex. App.—Dallas Oct.
2, 2000, no pet.) ...................................................................................... 23, 26, 27

*Landry's, Inc. v. Animal Legal Defense Fund*,
631 S.W.3d 40 (Tex. 2021) ............................................................................. 17

*In re Lipsky*,
460 S.W.3d 579 (Tex. 2015) ........................................................................... 17

*In re Lumbermens Mut. Cas. Co.*,
184 S.W.3d 718 (Tex. 2006) (orig. proceeding) ........................................ 23, 30

*Marino v. Ortiz*,
484 U.S. 301 (1988) (per curiam) .............................................................. 23, 28

*Microsystems Software, Inc. v. Scandinavia Online AB*,
226 F.3d 35 (1st Cir. 2000) ............................................................ 25, 27, 28, 32

*Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*,
236 S.W.3d 765 (Tex. 2007) ........................................................................... 30

*Nettles v. GTECH Corp.*,
606 S.W.3d 726 (Tex. 2020) ........................................................................... 18

*Nuchia v. Woodruff*,
956 S.W.2d 612 (Tex. App.—Houston [14th Dist.] 1997, pet.
denied) .............................................................................................................. 18

*Q'Max Am., Inc. v. Screen Logix, LLC*,
No. 01–15–00319–CV, 2016 WL 796838 (Tex. App.—Houston
[1st Dist.] Mar. 1, 2016, no pet.) (mem. op.) ............................................26, 28, 29

*Roccaforte v. Jefferson Cnty.*,
341 S.W.3d 919 (Tex. 2011) ................................................................ 16

*State v. Loe*,
692 S.W.3d 215 (Tex. 2024) ............................................................ 12, 13

**Statutes & Rules**

1 Tex. Admin. Code § 391.219 ................................................................ 24

1 Tex. Admin. Code § 391.307 ................................................................ 24

Tex. Civ. Prac. & Rem. Code § 51.014 ................................................... 20

Tex. Gov't Code § 540.0203 ................................................................. 24

Tex. Gov't Code § 540.0209 ................................................................. 27

Tex. Gov't Code § 2155.083 ................................................................. 24

Tex. R. App. P. 25.2 ............................................................................ 18

Tex. R. of App. P. 58 .......................................................................... 18

Tex. R. Civ. P. 193.3 .......................................................................... 19

Tex. R. Civ. P. 198.2 .......................................................................... 19

Tex. R. Civ. P. 683 ............................................................................. 24

**Other Authorities**

Black's Law Dictionary (12th ed. 2024) ................................................. 17

Caroline Vandergriff, *Cook Children' Suing State After Being Denied
Medicaid Contract Renewal*, CBS News Texas (June 26, 2024),
https://www.cbsnews.com/texas/news/cook-childrens-suing-state-
after-being-denied-medicaid-contract-renewal ....................................... 32

Megan Cardona, *Cook Children's Sues Texas Over Medicaid Contract Denial*, KERA News (June 26, 2024), https://www.keranews.org/health-wellness/2024-06-26/cook-childrens-sues-texas-medicaid-contract-denial-lawsuit ...................................... 32

Stephen Simpson, *Cook Children's Sues Texas Over Potential Medicaid Contract Loss*, Texas Tribune (June 27, 2024), https://www.texastribune.org/2024/06/27/texas-medicaid-children-hospitals/; Andrew Long, *Cook Children's Takes Legal Action Against State to Save Medicaid Contracts*, Dallas Morning News (June 26, 2024) https://www.dallasnews.com/business/2024/06/26/cook-childrens-takes-legal-action-against-state-to-save-medicaid-contracts .............................. 32

## INTRODUCTION

Despite telling the Court it shouldn't "take long" to reject Appellees' Motion to Dismiss, Molina spends forty pages trying to find something—anything—to avoid the foreseeable consequences of its strategic decision to sit out the trial-court proceedings. Aetna incorporates those forty pages and adds another twenty, but neither can paper over the fact that they had every opportunity to intervene below and participate in the temporary-injunction proceedings—and blew that chance. Their inexplicable decision to wait until after the Commissioner's appeal triggered the automatic stay cannot be salvaged. Their briefing relies on misstatements and strained arguments, betraying that the law and facts are not on their side.

Nor does virtual representation provide a way into this appeal. The temporary injunction, in design and effect, binds only the Commissioner and her HHSC colleagues, not anyone else. Indeed, the trial court could not have bound Aetna or Molina in the injunction for the same reason they cannot participate in this appeal: They are not parties below. Their intervention will not take effect until the automatic stay is lifted, and they have articulated no sound basis to participate as parties to this appeal.

## SUMMARY OF THE REPLY

Molina argues, paradoxically, that whether the Court has appellate jurisdiction over Aetna's and Molina's appeals is not a jurisdictional issue. Molina is wrong, and this Court should decide the question. There is jurisprudential importance here, as Aetna and Molina ask the Court to be the first to diverge from the consensus that the automatic stay of Texas Civil Practice and Remedies Code Section 51.014(b) applies to ***all events*** in the trial court. Aetna and Molina argue that the stay applies only to court actions like hearings and orders, but not to actions by parties, such as pleadings and discovery. But their labored analysis relies on selective dictionary definitions, devoid of context. A more thorough analysis demonstrates that the consensus view is correct.

Molina also argues that its plea in intervention did not violate the automatic stay because it was filed on the same day as the Commissioner's notice of appeal, although 90 minutes later. Invoking a 19th-century rule that pleadings filed on the same day are deemed simultaneous, Molina cites no authority that such a rule applies to the imposition of a stay—much less that it can be used to circumvent a stay's effectiveness. The Court should reject Aetna and Molina's effort to gain party status (which they could have, but did not, seek earlier) by restricting the scope of Section 51.014(b)'s automatic stay.

Aetna and Molina further contend that, even if they are not parties to the trial-court proceeding, the injunction, alone, confers on them a right of appeal. They are wrong. First, the injunction does not name or otherwise restrain Aetna or Molina; the "active concert" language tracks the rules of civil procedure and cannot extend to non-parties. And second, even assuming the injunction aggrieves Aetna and Molina, that is not enough to confer the right of appeal on a *non*-party.

As non-parties to the trial-court proceedings *and* the injunction, Aetna's and Molina's only avenue to party status on appeal is to meet the exacting test for virtual representation. But they do not satisfy its requirements: They are not bound by the injunction; they do not have a divergence of position with the Commissioner, which is a feature of most successful invocations of virtual representation and was recently flagged by the Texas Supreme Court as being a key factor; and the equities weigh heavily against their participation as a party.

Aetna and Molina sat on their rights for months and did not attempt to intervene until the trial court did not rule as they had hoped and this appeal had already begun—and with it, the automatic stay. They have not attempted to justify their deliberate inaction and should be held to the predictable consequences of their strategic choices. Any of these factors, standing alone, defeats Aetna's and Molina's efforts to participate as parties to this appeal.

**I.** **Aetna and Molina do *not* have contracts with HHSC as a result of the challenged procurement, and halting the procurement does *not* harm the public but rather stabilizes the current program.**

From the outset, Aetna and Molina make key factual misstatements. First, Aetna states that it (1) is in "contractual privity" with HHSC, and (2) is a named awardee. Aetna Resp. 5-6. Neither is true with regard to the procurement enjoined by the trial court and at issue in this appeal.[1] With regard to *this* procurement, both Aetna and Molina are merely *presumptive* awardees, in that HHSC has announced its intent to award contracts to them. PX.95 at 1. But neither Aetna nor Molina has any entitlement to a contract or any vested right in the preliminary results of *this* procurement—which, Molina admits, is still subject to the Commissioner's determination of outstanding appeals.[2]

Aetna doubles down on its false assertions about contractual privity by claiming (wrongly) that, because of the injunction, it is "directly restrained from taking actions it would otherwise be entitled to take." Aetna Resp. 2. Aetna's conspicuous failure to identify any such "action" is telling: There is none. Simply put, the injunction does not prevent Aetna from doing anything it would be entitled

---

[1] Both Aetna and Molina—like Appellees—have existing contracts that were awarded under previous procurements, but those are not at issue in this appeal.

[2] Undercutting its contentions about contractual privity, Aetna admits that it "remains…dependent on the Commissioner's continued intent to award the contracts." Aetna Resp. 13.

to do because there is ***nothing*** Aetna is entitled to do—there is no final award to Aetna and no contract to sign or implement, and there will not be so long as the injunction is in place to prevent the Commissioner and HHSC from moving forward with the procurement. And even if the injunction were dissolved, neither Aetna nor Molina would be in a position to sign contracts unless and until the Commissioner denies Appellees' pending protest appeals and issues final awards to Aetna and Molina.

For its part, Molina goes a step further, contending that the injunction "clearly confronts" Molina with a stark choice: comply or risk contempt. Molina Resp. 15–16. But, as with Aetna, the injunction is not stopping Molina from doing anything. To the contrary, the trial court's order prevents the Commissioner from presenting Molina with any such choice.

Aetna and Molina also complain about delays, including this Court's abatement of the appeal for the 2025 regular session of the Texas Legislature, and blame the delays on Appellees. Molina Resp. 5-6, 7; Aetna Resp. 19. But they forget that the abatement was also at the Commissioner's request. The Commissioner also voluntarily agreed to pause the administrative process throughout the trial-court proceedings, during the abatement, and on appeal (subject to disposition of the Rule 29.3 motions)—signaling her belief that maintaining the status quo is in the public interest.

Aetna also proclaims that the trial court's injunction harms Medicaid beneficiaries and taxpayers. Aetna Resp. 3. But the trial court concluded the opposite, issuing detailed findings that the injunction ***protects*** the public interest:

- Implementation of the proposed contracts would irreparably harm the public interest by "disrupt[ing]" STAR & CHIP beneficiaries' "access to care and continuity of care, thereby threatening the medical care and the very health and welfare of those beneficiaries," CR.5883; and

- An injunction harms neither HHSC nor the public interest because "(1) operations under the intended contract awards are not scheduled to start until September 1, 2025, and (2) HHSC has previously delayed the [procurement] several times and was able to continue providing coverage through the current STAR & CHIP contracts by extending the contracts in effect at the time." CR.5882.

Having made the strategic choice not to intervene before the temporary-injunction hearing, where actual evidence was presented, Aetna's bare allegations carry no weight.

## II. Whether Aetna and Molina are proper parties is jurisdictional as to their participation in this appeal.

When a party's right to participate in an appeal is challenged, the Court must consider whether it is a proper party. Relying on inapposite cases, Molina disagrees, arguing that it does not matter whether Molina is a proper party to the appeal because the Commissioner *is* a proper party. Molina Resp. 9-10. But the cases Molina cites involved multiple plaintiffs who were all parties in the trial court and who all appealed adverse orders. *State v. Loe*, 692 S.W.3d 215, 226 (Tex. 2024); *Barshop v.*

*Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 627 (Tex. 1996).[3]

Those cases are inapplicable because the issue was not the propriety of an individual appellant's participation in the appeal but rather whether the court had *any* jurisdiction over the appeal. *Loe*, 692 S.W.3d at 226; *Barshop*, 925 S.W.2d at 626. As a result, the Supreme Court was not asked to decide whether an individual appellant should be allowed to participate in the appeal.[4] Instead, when the Supreme Court has been asked to consider the propriety of an individual appellant's participation in an appeal, it has done so. *See Chambers-Liberty Cntys. Navigation Dist. v. State*, 575 S.W.3d 339, 355 (Tex. 2019) (holding that one of two parties was not entitled to party status in the Supreme Court).

---

[3] Molina also cites *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 456–57 (5th Cir. 2005), and asserts that this Court should apply federal cases regarding the right to appeal. Molina Resp. 10. But in *Kitty Hawk*, the Fifth Circuit applied federal law about an intervenor's right to pursue an appeal without the party on whose side the intervenor intervened. 418 F.3d at 457. Texas law is different. Moreover, just as in the Texas state cases, the appellee in *Kitty Hawk* sought dismissal of the entire appeal for lack of standing. *Id.* at 456. This case is therefore not instructive on the issues before the Court.

[4] Molina also ignores a key portion of the cases it cites—both involved constitutional challenges to statutes. In *Loe*, the Supreme Court stated that "we need not undertake a plaintiff-by-plaintiff analysis on the question because the existence of one plaintiff with standing is sufficient to confer jurisdiction *in suits seeking to enjoin enforcement of a law*." 692 S.W.3d at 226 (emphasis added); *see also Barshop*, 925 S.W.2d at 626 ("A two-part test governs whether a plaintiff has standing to challenge a statute."). Because this is not a suit seeking to enjoin enforcement of a law, these cases have no application.

Molina argues that *Chambers-Liberty* is inapplicable because the challenged party "sought relief that went beyond the relief sought by the petitioner with indisputable standing." Molina Resp. 9 n.7 (quoting party's brief, not Supreme Court opinion). But nothing in the Supreme Court's opinion suggests that the extent of the relief sought had anything to do with the analysis. *Chambers-Liberty*, 575 S.W.3d at 355–56. Instead, the Court held that the party could not rely on the virtual-representation doctrine to participate in the appeal because of the party's delay in seeking to participate. *Id.* If Molina's argument about jurisdiction were correct, the Supreme Court in *Chambers-Liberty* would have simply held that because the district was a proper party, it did not need to consider whether the challenged party's appeal was proper.

Molina's argument would also lead to absurd results. Under its approach, so long as an actual party has appealed, appellate courts would be obligated to grant full party status (with all attendant rights) to any interloper that claims an interest and files a notice of appeal. That would be unworkable and would waste judicial resources considering and addressing arguments from improper participants. To ward off such unacceptable outcomes, a court must consider whether it has jurisdiction over a challenged party's appeal.

**III.   Aetna and Molina cannot appeal because they are neither parties in the trial court nor bound by the injunction.**

**A.   Aetna's and Molina's attempts to intervene in the trial court are ineffective until Section 51.014(b)'s automatic stay is lifted.**

Aetna and Molina do not dispute that they filed their petitions in intervention *after* the Commissioner filed her notice of appeal. Aetna Resp. 16; Molina Resp. 27. Nor do they contest that the notice of appeal triggered an automatic stay under Texas Civil Practice and Remedies Code Section 51.014(b). Aetna Resp. 16; Molina Resp. 27. Instead, they argue that the automatic stay does not apply to their petitions in intervention. To make this argument, they seek to narrow the meaning of "all other proceedings in the trial court" as it is used in Section 51.014(b). Aetna Resp. 16–19; Molina Resp. 27–37. But because the plain meaning of "all other proceedings" encompasses petitions in intervention, the Court should reject Aetna's and Molina's arguments.

As an initial matter, Molina's lengthy discussion of the meaning of "all other proceedings" sheds no light on that phrase's plain or fair meaning. Molina Resp. 27–37. Instead, Molina tries to obscure the phrase's meaning in the guise of applying statutory construction tools. *See In re Dallas Cnty.*, 697 S.W.3d 142, 158 (Tex. 2024) (rejecting a construction based on the "hyperliteral meaning of each word in the text" in favor of the "fair meaning" that gives effect to the intent of the drafters). But it does not require 10 pages of analysis to determine what "all other proceedings"

15

means—namely, ***all other proceedings***. All courts of appeals that have considered the question have recognized that plain and fair meaning of the phrase without such tortured effort. Mot. 8–11. In addition, one court of appeals has specifically held that a plea in intervention filed during a stay of underlying proceedings is not effective until the stay is lifted. *See id.* at 10-11 (discussing *In re Helena Chemical Co.*, 286 S.W.3d 492, 494, 497-98 (Tex. App.–Corpus Christi–Edinburg 2009, orig. proceeding)).[5]

Molina asserts that these cases are unpersuasive because they did not engage in the labored textual analysis Molina believes is required. Molina Resp. 34. But those decisions simply recognize the obvious truth—"all other proceedings" is not limited to actions by the judge. No court has so held, and this Court should not be the first.

Because "all other proceedings" is not defined in the statute, the Court should give the phrase its plain, ordinary meaning. *E.g.*, *Janvey v. GMAG, L.L.C.*, 592

---

[5] Aetna and Molina do not meaningfully address *Helena Chemical*. Molina contends, erroneously, that *Helena Chemical* establishes that a party may address the status of an intervention filed during the stay only after the stay is lifted. Molina Resp. at 26 n.15. Although those were the facts in *Helena Chemical*, the opinion does ***not*** conclude that an intervention filed during a stay must be considered effective on interlocutory appeal. Molina's suggested rule would artificially deprive parties of the stay's protection. Molina also incorrectly argues that *Helena Chemical*'s conclusion that an intervention filed during a stay is "ineffective" is a misstatement and has been clarified by the Supreme Court in *Roccaforte v. Jefferson Cnty.*, 341 S.W.3d 919, 923 (Tex. 2011). *Roccaforte* held that actions taken by a court (there, a trial) in violation of a stay are voidable, not void, and therefore could be waived if no one timely objects. 341 S.W.3d at 923. Appellees do not argue that Aetna's and Molina's interventions are void, but that they are ***temporarily*** ineffective while the stay is in place. *See infra*, p. 21 n.6.

S.W.3d 125, 129 (Tex. 2019) ("When a statute does not define a word or phrase, we look to its plain or common meaning.") (citing *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015)). And the plain, ordinary meaning is found in the first definition of "proceeding" in Black's Law Dictionary, which Molina quoted in its response: "all acts and events between the time of commencement [of a lawsuit] and the entry of judgment." Molina Resp. 29 (quoting *Proceeding*, Black's Law Dictionary (12th ed. 2024)). Thus, the primary meaning of "proceedings" is not limited to actions taken by the judge; it includes party filings.

Despite quoting this definition, Molina ignores it and other definitions of "proceeding" from Black's that are equally revealing, for example, "an act or step that is part of a larger action." *Proceeding*, Black's Law Dictionary (12th ed. 2024). "Proceedings" may also include "all the steps taken or measures adopted in the prosecution or defense of an action, including the pleadings and judgment." *Id.*

This understanding of "proceedings" is consistent with its use in other areas of the law:

- Texas recognizes a "judicial-proceedings" privilege as a defense to defamation claims. *See, e.g.*, *Landry's, Inc. v. Animal Legal Defense Fund*, 631 S.W.3d 40, 46 (Tex. 2021). The Supreme Court has held that the "proceedings" to which the privilege applies include "all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case." *Id.* (quoting *James v. Brown*, 637 S.W.2d 914, 916-17 (Tex. 1982) (per curiam)).

17

- Texas Rule of Appellate Procedure 25.2(g) states that, when the record is filed in a criminal case, "all further proceedings in the trial court … will be suspended." Tex. R. App. P. 25.2(g). The Court of Criminal Appeals has held that this rule suspends the defendant's obligation to pay court costs. *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021).

- Former Texas Rule of Appellate Procedure 58(a) provided that "[p]roceedings relating to an appeal need not be considered ineffective because of prematurity." *Nuchia v. Woodruff*, 956 S.W.2d 612, 614 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) (quoting former Tex. R. App. P. 58(a)). And courts recognized that "the 'proceedings relating to an appeal' referenced in Rule 58(a) included motions for new trial." *Id.*

In each of these situations, the courts gave "proceedings" the broad meaning in Black's Law Dictionary's first definition: "all acts and events" in a case. None of these situations requires judicial action for a "proceeding." Instead, they include affidavits, pleadings, other papers, and the obligation to pay fees—none of which require any action by the judge. Thus, the common meaning of "proceedings" is not limited solely to actions by a judge.

The broad meaning of "proceedings" is also consistent with the purpose of the stay in Section 51.014(b). The automatic stay for an appeal under Section 51.014(a)(8)—regarding a denial of a governmental unit's plea to the jurisdiction—reflects one of the primary purposes of sovereign immunity: to protect the State from having to divert public funds to defend lawsuits. *See Nettles v. GTECH Corp.*, 606 S.W.3d 726, 737 (Tex. 2020).

Molina's unnaturally narrow construction of "proceedings" would eviscerate that protection. It would allow a plaintiff to serve written discovery that would require the State to participate in the litigation at the risk of waiving its arguments, even without any action by the judge. For example, a request for admissions triggers a deadline for responses or objections. Tex. R. Civ. P. 198.2(a). And, in the absence of a timely response, "the request is considered admitted without the necessity of a court order." Tex. R. Civ. P. 198.2(c). Additionally, a party that does not timely respond to written discovery to assert the protection of attorney-client privilege risks waiving that privilege. Tex. R. Civ. P. 193.3. Parties protected by the stay in Section 51.014(b) should not be subjected to these consequences while all proceedings are supposed to be stayed.

If the legislature had intended to stay only court action, it could have easily said so. Rather than staying "all other proceedings," the legislature could have stayed "all other court action" or "all other hearings" or "all other court orders." But it did not. *See In Interest of H.S.*, 550 S.W.3d 151, 157 (Tex. 2018) (rejecting a statutory construction because it was based on words that the legislature could have used but did not); *Kelley v. Tex. Real Estate Comm'n*, 671 S.W.2d 936, 940 (Tex. App.— Houston [14th Dist.] 1984, writ ref'd n.r.e.) ("If the legislature meant fraud, it could have used that term."). The Court should not rewrite the broad stay provision the legislature adopted.

19

Molina's other arguments about the meaning of Section 51.014(b) are similarly unavailing. Molina argues that "in the trial court" must mean only actions *by* the trial court. Molina Resp. 30. This argument has two flaws. First, if the legislature meant actions "by" the trial court, it could have used that critical preposition instead of "in" the trial court. Second, "in the trial court" simply limits the effect of the stay to proceedings in the trial court as opposed to the appellate courts.

Similarly, Molina's argument that Appellees' construction would bar filings necessary for the interlocutory appeal (such as a request for the record or notice of cross-appeal) does not reflect the stay's plain or "fair meaning." *See Dallas Cnty.,* 697 S.W.3d at 158. The statutory language expressly recognizes that the appeal will proceed during the stay. Tex. Civ. Prac. & Rem. Code § 51.014(b) (staying "all other proceedings in the trial court *pending resolution of that appeal*") (emphasis added). Thus, read in context of the entire statute, the stay applies to petitions in intervention but does not bar filings necessary for an interlocutory appeal to be resolved. *Dallas Cnty.,* 697 S.W.3d at 158 ("As this Court has said, 'courts should resist rulings anchored in hyper-technical readings of isolated words or phrases,' as 'the meaning of words read in isolation is frequently contrary to the meaning of words read contextually in light of what surrounds them.'") (internal citations omitted).

Molina also focuses on the word "other," while ignoring the word "all." Molina Resp. 31–32. Molina insists that "other proceedings" must be similar to trial and therefore must be limited to action by the trial court. *Id.* But the better reading is that "all other" broadens the scope of the stay, rather than limits it. The phrase "all other" indicates that the stay includes more than just events that are similar to trial. Rather, it expands the stay to cover other happenings in the trial court, whether the judge is involved or not.[6]

In short, the plain meaning of "all other proceedings" is easily ascertainable. The Court should reject Aetna's and Molina's attempts to avoid that plain meaning and violate the automatic stay.

**B.** **The Court should reject Molina's argument that the stay did not apply because its intervention was filed on the same day as the notice of appeal.**

Perhaps recognizing the limits of its arguments about the meaning of "proceedings," Molina also argues that the stay does not apply to actions taken on

---

[6] Aetna and Molina also emphasize that no party objected, in the trial court, to their interventions. Aetna Resp. 14; Molina Resp. 24. This is true but irrelevant. Although Appellees immediately noted their objection to Aetna's and Molina's participation ***in the appeal in this Court***, Appellees did not object or file a motion to strike in the trial court because (1) the automatic stay prevents the intervention from being effective until the stay is lifted, and (2) the same is true of any objection filed in the trial court. *See* Mot. 11. Appellees do ***not*** ask this Court to strike the pleas in intervention. That will be up to the trial court after the case is remanded and the stay is lifted. At that point, the pleas in intervention will be in effect, and Appellees may object at that time. What is relevant now—and what Appellees object to here—is Aetna and Molina's attempt to bootstrap themselves into party status for an interlocutory appeal using a plea in intervention that is not yet effective in the trial court. Aetna and Molina placed themselves in this predicament.

the same day that the notice of appeal is filed. Molina Resp. 38–39.[7] For this argument, Molina relies primarily on authorities from the 19th century about filings on the same day. *Id.* at 38. Of course, those authorities long pre-date both e-filing and the longstanding ability to easily determine the exact time documents are filed.

Molina acknowledges (as it must) that the exact time of day of a filing can be relevant if it is necessary to do justice. *Id.* at 39. But Molina does not make any effort to address this principle. In reality, the precise time of the filings is fundamental to the operation of the automatic stay. Consider an order denying a plea to the jurisdiction signed at 9:00 am, and a notice of appeal filed at 9:30 am the same day. Under Molina's argument, despite the automatic stay, the trial court would be able to conduct a bench trial beginning at 10:00 am and enter final judgment as long as it does so by 11:59 pm the same day. In that case, the purpose of the stay under Section 51.014(b) would be completely subverted. To the extent Molina's 19th-century doctrine applies at all, it cannot apply to a filing (such as the Commissioner's notice of appeal) that triggers an automatic stay.

Once the State appeals an order denying its plea to the jurisdiction, there can be no further proceedings until the appeal is resolved. Molina's approach would allow the trial court to proceed to judgment despite the stay. To effectuate the

---

[7] This argument would not apply to Aetna because it did not file its intervention until the next day. CR.5970–72.

purpose of the stay, it must take effect immediately when the notice of appeal is filed.

## C. The trial court did not enjoin Aetna or Molina.

Ordinarily, only a ***party*** to a trial-court proceeding may take an appeal. *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 723 (Tex. 2006) (orig. proceeding); *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam). However, a non-party can appeal an injunction that actually restrains the non-party. *See Landry v. Burge*, No. 05-99-01217-CV, 2000 WL 1456471, at *2 (Tex. App.—Dallas Oct. 2, 2000, no pet.) (not designated for publication).

Aetna and Molina do not satisfy this exception because they have not been enjoined. By its plain terms, the trial court's injunction restrains only the Commissioner and her employees and agents. CR.5883. It does not name Aetna or Molina. Nor does it explicitly restrain potential contract awardees such as Aetna and Molina. In fact, the injunction ***cannot*** be that broad, because a trial court lacks authority to restrain a non-party. *Landry*, 2000 WL 1456471, at *2.

Nonetheless, Aetna and Molina ask the Court to read the injunction so expansively that it would exceed the trial court's authority. They assert they are "in active concert or participation" with the Commissioner because they ***might***, in the future, be in a position to execute contracts with HHSC. Molina Resp. 15-16; Aetna Resp. 1, 5. But that is not what "active concert or participation" means.

23

The trial court's injunction tracks Texas Rule of Civil Procedure 683, under which any injunction:

> is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

Tex. R. Civ. P. 683. Under this rule, an injunction is only broad enough to ensure its efficacy:

> [A] decree of injunction not only binds the parties defendant but also those identified with them in interest, in 'privity' with them, represented by them or subject to their control. In essence…defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding.

*Ex parte Chambers*, 898 S.W.2d 257, 260 n.2 (Tex. 1995) (citation omitted).

Aetna and Molina are not within Rule 683's parameters. They have no power to unilaterally "nullify" the injunction by carrying out prohibited conduct on their own. *See id.* They cannot carry out the next required step in the administrative process—ruling on Appellees' pending administrative protest appeals. *See* 1 Tex. Admin. Code § 391.307(d)(3) ("The HHSC Executive Commissioner will review the appeal of the Deputy Executive Commissioner of Procurement and Contracting Services' determination and render a final decision on the protest issues."). Neither can they issue final contract awards to themselves. *See* 1 Tex. Admin. Code § 391.219; Tex. Gov't Code §§ 540.0203(a), 2155.083. Those next steps are carried out solely by the Commissioner and her employees and agents. Until all those steps

occur, no contracts may be signed, which Aetna and Molina acknowledge. Molina Resp. 7; Aetna Resp. 19.[8]

Thus, Aetna's argument that the "active concert" language restrains it from taking actions "Aetna would be taking but for the injunction," namely, signing a contract with the Commissioner, is flat wrong. Aetna Resp. 5. Neither Molina nor Aetna has any right, let alone opportunity, to enter into contracts as long as the Commissioner is enjoined from completing the administrative process and awarding the contracts, each of which is a necessary predicate to Aetna having an opportunity to sign a contract. To be fully effective, therefore, the injunction need restrain *only* the Commissioner and her employees and agents from taking those steps. That is the extent of its reach. *See Chambers*, 898 S.W.2d at 260 n.2.

Courts have rejected the argument that "active concert or participation" language granted a non-party the right to appeal, concluding that:

> The boilerplate terminology contained in the instant injunction merely parrots the language of Federal Rule of Civil Procedure 65(d). So phrased, the injunction in no way attains the degree of specificity necessary to open the gates to [a] potential exception [to the rule that an injunction restrains only parties].

*Microsystems Software, Inc. v. Scandinavia Online AB*, 226 F.3d 35, 40 (1st Cir. 2000) (holding that a non-party had no right to appeal); *see also Ex parte Davis*, 470

---

[8] Aetna adopts by reference all of Molina's arguments. Aetna Resp. 19.

S.W.2d 647, 649 (Tex. 1971) (per curiam) (holding that Texas Rule of Civil Procedure 683 contained the same "active concert or participation" language as Federal Rule of Civil Procedure 65(d)).

Aetna and Molina bring forward no countervailing authority. They cite no case holding that "active concert" language reaches **non**-parties whose actions are not fundamental to an injunction's efficacy. And *Landry* (a case Molina cites) forecloses this argument:

> An injunction is binding only upon "the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Tex. R. Civ. P. 683. A court may not enter an injunction against a person who has not been made a party to the case before it.

*Landry*, 2000 WL 1456471, at \*2 (citations omitted). Accordingly, if Rule 683's "active concert or participation" language captures non-parties not acting at the enjoined party's direction, then Rule 683 would permit a trial court to exceed its jurisdiction. Such an absurd result precludes Aetna's and Molina's interpretation.

Aetna and Molina grapple with none of this. Instead, they cite inapposite authority holding that a **party** (Aetna and Molina are not parties) aggrieved by an injunction may appeal, *see* Molina Resp. 14 (citing *Q'Max Am., Inc. v. Screen Logix, LLC*, No. 01–15–00319–CV, 2016 WL 796838, at \*4 (Tex. App.—Houston [1st Dist.] Mar. 1, 2016, no pet.) (mem. op.)), and that a non-party **named** in an injunction (Aetna and Molina are not named) may appeal. *See id*. (citing *Landry*, 2000 WL

26

1456471, at *4). Since neither category applies to Aetna and Molina, their cited authorities do not help them. Nor does the Commissioner's transmission of the injunction to Aetna and Molina mean they are in active concert with the Commissioner. Molina Resp. 15-16. The *Microsystems* court rejected the argument that a party's actions can determine an injunction's scope. *Microsystems*, 226 F.3d at 41 n.5. Aetna's and Molina's arguments are devoid of support and should be rejected.

## IV. For a non-party, being merely affected or aggrieved by an order does not confer a right to appeal.

Aetna and Molina repeatedly assert that the trial court's injunction harms them because it delays the Commissioner from completing the administrative process, which they hope will lead to their signing contracts with HHSC and implementation of such contracts.[9] But even if Aetna and Molina are affected or aggrieved by the injunction, that is not sufficient to permit them to appeal as ***non-parties***. Non-parties must meet the more rigorous test of virtual representation, which requires that they show, among other elements, that they are "bound" by the challenged order, not merely aggrieved. *See infra*, Parts V.-VI. If being merely affected or aggrieved were

---

[9] Even if the administrative appeals were denied and contracts were awarded to and signed by Aetna and Molina, implementation is contingent on a statutorily required "compliance and readiness review." *See* Tex. Gov't Code § 540.0209(a). If a contract awardee fails this review because it "is not prepared to meet the organization's contractual obligations," HHSC can prevent the awardee from enrolling any Medicaid members. *Id*. § 540.0209(c).

enough to permit a non-party to appeal, the doctrine of virtual representation would be unnecessary and meaningless, and the floodgates would open.[10]

The United States Supreme Court addressed this topic in *Marino*. Calling "well settled" the "rule that only parties to a lawsuit…may appeal an adverse judgment," the Court declined to recognize an exception for a "nonparty [that] has an interest that is affected" by the judgment. *Marino*, 484 U.S. at 304. As the Court explained, "the better practice is for such a nonparty to seek intervention for purposes of appeal." *Id*.

Applying *Marino*, the First Circuit held that "a mere interest in the outcome of litigation will not suffice to confer standing upon a nonparty." *Microsystems*, 226 F.3d at 42. "[T]he fact that an order has an indirect or incidental effect on a non-party does not confer standing to appeal. If the rule were otherwise, Pandora's jar would be open, and strangers to a litigated case could pop in and out of the proceedings virtually at will." *Id*.

Aetna and Molina rely on two decisions: *Q'Max America* and *Giles v. Poole*, 239 SW.2d 665 (Tex App.—Austin 1951, writ dism'd). But neither case stands for the proposition that a non-party to a trial-court proceeding has a right to appeal an injunction that affects or aggrieves them because, in both cases, the court held only

---

[10] Here, ***affected*** parties could include every managed-care organization that submitted a bid in the procurement, their employees, network providers, and every STAR and CHIP recipient.

that a ***party*** to the trial-court proceeding could appeal an injunction that did not name the party. *See* Mot. 15-16 (distinguishing *Q'Max*, 2016 WL 796838, at *4); *Giles*, 239 S.W.2d at 668-69 ("Brazos was the high bidder for the leases advertised by the Board on the areas in question and it was adversely affected by the temporary injunction and, ***being a party***, had the right of appeal.") (emphasis added). The same is true for the additional cases Molina cites in a footnote.[11] *See* Molina Resp. 13 n.8. Thus, Aetna and Molina do not and cannot support their argument that being affected non-parties entitles them to appeal.

## V. Aetna and Molina do not satisfy the stringent requirements of virtual representation.

To participate in the appeal, Aetna and Molina must meet all requirements of the virtual-representation doctrine. They fail to meet this stringent test.

Aetna and Molina must first show that they are "bound" by the trial court's order. As explained above, Aetna and Molina are ***not*** the Commissioner's employees or agents. *See* Part III.C., *supra*; Mot. 24-26. Thus, they are not bound by the temporary injunction. And Aetna and Molina do not even attempt to rebut Appellees' demonstration that they are not bound by the trial court's other ruling

---

[11] The only exceptions are *Egypt Land Devs., LP v. AXA Seguros, S.A. de C.V.*, No. 09-21-00280-CV, 2022 WL 3905768, at *1 (Tex. App.—Beaumont Aug. 31, 2022, no pet.), and *Gerjets v. Davila*, 116 S.W.3d 864, 869 (Tex. App.—Corpus Christi-Edinburg 2003, no pet.), which concluded that non-parties actually ***named*** in an injunction may appeal it—a situation inapposite here. *See* Part III.C., *supra*.

denying the Commissioner's plea to the jurisdiction. Mot. 20-24 (citing *Elec. Reliability Council of Tex., Inc. v. CPS Energy*, 648 S.W.3d 520, 532 (Tex. App.—San Antonio 2021) ("*ERCOT*"), *aff'd and rev'd on other grounds*, 671 S.W.3d 605 (Tex. 2023)). On this ground alone, the Court can deny virtual representation.

Nor can Aetna and Molina satisfy the doctrine's other elements. They do not show that they share an identity of interest with the Commissioner. The most they can show is that they agree with the Commissioner's arguments and desire the same judgment. They want a specific outcome: final contract awards in their favor. But the Commissioner does not share the interest of a competing bidder. As with most litigation involving governmental action—particularly procurement—many outsiders have a desired outcome, but that preference does not equate to the "identity of interest" necessary to confer party status.

*Lumbermens,* 184 S.W.3d at 724, does not mandate the result Aetna and Molina seek. The parties there were insured and insurer, a relationship that often involves "the insurer stand[ing] in the shoes of the insured." *See, e.g., Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 774 (Tex. 2007). Aetna and Molina enjoy no such relationship with the Commissioner and most certainly do not stand in her shoes as a state officer.

Additionally, Aetna and Molina all but ignore *ERCOT*, which is highly instructive. There, the court held that a party to the underlying case—ERCOT's

30

former CEO, Magness—was not entitled to invoke virtual representation. The court concluded Magness was not bound by the trial court's order denying ERCOT's plea to the jurisdiction based on sovereign immunity because he did not join the plea and was not named in the order. *ERCOT*, 648 S.W.3d at 532. Additionally, the court held Magness—even though he was CEO at the time of the relevant events—shared no identity of interest with the company or his fellow executives, even though they were aligned parties. *Id*. If a CEO is not virtually represented by his own company, Aetna and Molina are not virtually represented by the Commissioner.

## VI. The equities do not favor Aetna's and Molina's participation.

Aetna and Molina must also justify their participation in the appeal on equitable grounds. Because they do not meet this burden, their appeal must be dismissed. *See* Mot. 27-28. Appellees demonstrated the strong equitable arguments against Aetna's and Molina's participation, including: (1) their unexplained failure to intervene before the temporary-injunction hearing; (2) the Commissioner's ability to advocate for the agency's interests; and (3) prejudice to Appellees. Mot. 27-33.

Aetna and Molina, by contrast, only superficially discuss the equities. They still offer no explanation or justification for their delay in attempting to intervene in the trial court. Rather, they artificially alter the relevant time frame, arguing they intervened days after receiving notice that the injunction had issued. But they do not and cannot say they were not aware of the trial court proceedings until the trial court

31

signed the injunction. The trial was well publicized,[12] and the courtroom was full. The First Circuit, faced with a similar situation, held that a party seeking to appeal should be held to "the predictable consequences of [its] its strategic choice" not to intervene in the district court:

> [The party seeking to appeal] made a calculated decision that the injunction sought by Microsystems would not aggrieve them enough to warrant taking whatever risks were attendant to intervention…Litigation strategies almost always involve balancing of risk and reward, and the fundamental rationale behind the "no intervention, no appeal" rule counsels in favor of holding the [non-parties] to the predictable consequences of their strategic choice.

*Microsystems*, 226 F.3d at 41 n.6. Likewise, Aetna and Molina should be held to their strategic decision—which they have not even acknowledged, much less attempted to explain or justify—to remain on the outside of the trial-court litigation.

Unlike many of the cases in which virtual representation has been allowed (including *Lumbermens),* Aetna and Molina cannot point to any change in position by the Commissioner that necessitates their participation in this appeal. As they

---

[12] *See, e.g.*, Stephen Simpson, *Cook Children's Sues Texas Over Potential Medicaid Contract Loss*, Texas Tribune (June 27, 2024), https://www.texastribune.org/2024/06/27/texas-medicaid-children-hospitals/; Andrew Long, *Cook Children's Takes Legal Action Against State to Save Medicaid Contracts*, Dallas Morning News (June 26, 2024) https://www.dallasnews.com/business/2024/06/26/cook-childrens-takes-legal-action-against-state-to-save-medicaid-contracts; Megan Cardona, *Cook Children's Sues Texas Over Medicaid Contract Denial*, KERA News (June 26, 2024), https://www.keranews.org/health-wellness/2024-06-26/cook-childrens-sues-texas-medicaid-contract-denial-lawsuit; Caroline Vandergriff, *Cook Children's Suing State After Being Denied Medicaid Contract Renewal*, CBS News Texas (June 26, 2024), https://www.cbsnews.com/texas/news/cook-childrens-suing-state-after-being-denied-medicaid-contract-renewal.

must, Aetna and Molina recognize the Supreme Court's recent decision in *Chambers-Liberty* rejecting virtual representation and observing that the putative intervenor's request "would be much stronger" if the existing party had "abandoned its litigation posture, leaving [the putative intervenor] without appellate review of arguments it wishes to make to preserve its interest." 575 S.W.3d at 355.

Aetna and Molina concede they are in the same position as the unsuccessful intervenor in *Chambers-Liberty*. They protest only that a change in litigation posture is not necessarily required, as the Supreme Court declined to reach that question. But Aetna and Molina cannot escape the fact that their interests are fully protected by the Commissioner. That, combined with their strategic decision to passively observe the trial-court proceedings and their failure to advance any equitable reason why their participation is necessary, weighs heavily against allowing them to invoke virtual representation.

## CONCLUSION

For the reasons herein, Appellees respectfully request that the Court grant their Joint Motion to Dismiss the Appeals of Aetna Better Health of Texas, Inc. and Molina Healthcare of Texas, Inc. for Lack of Jurisdiction and Request for Expedited Consideration and: (1) dismiss Aetna's and Molina's appeals; (2) rule on the Joint Motion as soon as practicable and before a merits briefing schedule is established; and (3) grant Appellees all other relief to which they are entitled.

Respectfully submitted,

| | |
|---|---|
| NORTON ROSE FULBRIGHT US LLP | ALEXANDER DUBOSE & JEFFERSON |
| By /s/ *Susan Feigin Harris* | By /s/ *Amy Warr* |
| Susan Feigin Harris | Amy Warr |
| State Bar No. 06876980 | State Bar No. 00795708 |
| susan.harris@nortonrosefulbright.com | awarr@adjtlaw.com |
| Warren S. Huang | Anna M. Baker |
| State Bar No. 00796788 | State Bar No. 00791362 |
| warren.huang@nortonrosefulbright.com | abaker@adjtlaw.com |
| 1550 Lamar, Suite 2000 | 100 Congress Avenue, Suite 1450 |
| Houston, Texas 77010 | Austin, Texas 78701-2709 |
| Telephone: (713) 651-5151 | Telephone: (512) 482-9300 |
| | |
| Paul D. Trahan | Karen C. Burgess |
| State Bar No. 24003075 | State Bar No. 00796276 |
| paul.trahan@nortonrosefulbright.com | kburgess@burgesslawpc.com |
| NORTON ROSE FULBRIGHT US LLP | Katie Dolan-Galaviz |
| 98 San Jacinto Boulevard, Suite 1100 | State Bar No. 24069620 |
| Austin, Texas 78701 | kgalaviz@burgesslawpc.com |
| Telephone: (512) 474-5201 | BURGESS LAW PC |
| | 404 West 13th Street |
| Thomas A. Coulter | Austin, Texas 78701-1825 |
| tom.coulter@nortonrosefulbright.com | Telephone: (512) 482-8808 |
| State Bar No. 04885500 | |
| NORTON ROSE FULBRIGHT US LLP | Matthew P. Gordon |
| 799 9th Street, NW, Suite 1100 | mgordon@perkinscoie.com |
| Washington, D.C. 20001 | *Admission Pro Hac Vice* |
| Telephone: (202) 662-0200 | PERKINS COIE LLP |
| | 1201 Third Avenue, Suite 4900 |
| *Counsel for Appellee Texas Children's Health Plan* | Seattle, Washington 98101-3099 |
| | Telephone: (206) 359-8000 |
| | |
| | *Counsel for Appellee Plaintiff Cook Children's Health Plan* |

34

FOLEY & LARDNER LLP

HOLLAND & KNIGHT LLP

By /s/ *Stacy R. Obenhaus*
Robert F. Johnson III
State Bar No. 10786400
rjohnson@foley.com
600 Congress Avenue, Suite 3000
Austin, Texas. 78701
Telephone: (512) 542-7000

Michelle Y. Ku
State Bar No. 24071452
mku@foley.com
Stacy R. Obenhaus
State Bar No. 15161570
sobenhaus@foley.com
FOLEY & LARDNER LLP
2021 McKinney, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000

Benjamin J. Grossman
*Admission Pro Hac Vice*
bjgrossman@foley.com
FOLEY & LARDNER LLP
106 East College Avenue, Suite 900
Tallahassee, Florida 32301
Telephone: (850) 222-6100

*Counsel for Appellee Wellpoint
Insurance Company*

By /s/ *Richard B. Phillips, Jr.*
Richard B. Phillips, Jr.
State Bar No. 24032833
rich.phillips@hklaw.com
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone:       (214) 964-9500

Karen D. Walker
*Admission Pro Hac Vice*
karen.walker@hklaw.com
Tiffany Roddenberry
*Admission Pro Hac Vice*
tiffany.roddenberry@hklaw.com
HOLLAND & KNIGHT LLP
315 South Calhoun Street, Suite 600
Tallahassee, Florida 32301
Telephone:       (850) 425-5612

*Counsel for Appellee Superior
Health Plan, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a copy of Appellees' Joint Reply In Support of Motion to Dismiss the Appeals of Aetna Better Health of Texas, Inc. and Molina Healthcare of Texas, Inc. for Lack of Jurisdiction and Request for Expedited Consideration was served in compliance with Texas Rule of Appellate Procedure 9.5 via the electronic filing manger or electronic mail on August 4, 2025, upon all counsel of record.

/s/ *Amy Warr*
Amy Warr

**CERTIFICATE OF COMPLIANCE**

Based on a word count run in Microsoft Word, this brief contains 6,994 words, excluding the portions of the brief exempt from the word count under Texas Rule of Appellate Procedure 9.4(i)(1).

/s/ *Amy Warr*
Amy Warr

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gina Verlander on behalf of Amy Warr
Bar No. 795708
gverlander@adjtlaw.com
Envelope ID: 103961458
Filing Code Description: Other Document
Filing Description: Appellees' Joint Reply is Support of Motion to Dismiss Appeals
Status as of 8/5/2025 7:04 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michaelle Peters | | mpeters@scottdoug.com | 8/4/2025 5:51:39 PM | SENT |
| Julie Wright | | julie.wright@nortonrosefulbright.com | 8/4/2025 5:51:39 PM | SENT |
| Amanda DoddsPrice | | amanda.price@squirepb.com | 8/4/2025 5:51:39 PM | SENT |
| Karen Burgess | 796276 | kburgess@burgesslawpc.com | 8/4/2025 5:51:39 PM | SENT |
| Mark Emery | 24050564 | mark.emery@nortonrosefulbright.com | 8/4/2025 5:51:39 PM | SENT |
| Robert Johnson | 10786400 | rjohnson@foley.com | 8/4/2025 5:51:39 PM | SENT |
| Richard Phillips | 24032833 | Rich.Phillips@hklaw.com | 8/4/2025 5:51:39 PM | SENT |
| J McCaig | 24070083 | meghan.mccaig@outlook.com | 8/4/2025 5:51:39 PM | SENT |
| Michelle Ku | 24071452 | mku@foley.com | 8/4/2025 5:51:39 PM | SENT |
| Joseph Knight | 11601275 | jknight@ebbklaw.com | 8/4/2025 5:51:39 PM | SENT |
| Amy Warr | 795708 | awarr@adjtlaw.com | 8/4/2025 5:51:39 PM | SENT |
| Warren Huang | 796788 | warren.huang@nortonrosefulbright.com | 8/4/2025 5:51:39 PM | SENT |
| Paul Trahan | 24003075 | paul.trahan@nortonrosefulbright.com | 8/4/2025 5:51:39 PM | SENT |
| Susan Harris | 6876980 | susan.harris@nortonrosefulbright.com | 8/4/2025 5:51:39 PM | SENT |
| Anna Baker | 791362 | abaker@adjtlaw.com | 8/4/2025 5:51:39 PM | SENT |
| Maria Williamson | | maria.williamson@oag.texas.gov | 8/4/2025 5:51:39 PM | SENT |
| Mandy Patterson | | mpatterson@adjtlaw.com | 8/4/2025 5:51:39 PM | SENT |
| Michelle Joyner | | mjoyner@scottdoug.com | 8/4/2025 5:51:39 PM | SENT |
| William FCole | | William.Cole@oag.texas.gov | 8/4/2025 5:51:39 PM | SENT |
| Abril Rivera | | arivera@scottdoug.com | 8/4/2025 5:51:39 PM | SENT |
| Nancy Villarreal | | nancy.villarreal@oag.texas.gov | 8/4/2025 5:51:39 PM | SENT |
| Kayla Ahmed | | kayla.ahmed@nortonrosefulbright.com | 8/4/2025 5:51:39 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gina Verlander on behalf of Amy Warr
Bar No. 795708
gverlander@adjtlaw.com
Envelope ID: 103961458
Filing Code Description: Other Document
Filing Description: Appellees' Joint Reply is Support of Motion to Dismiss Appeals
Status as of 8/5/2025 7:04 AM CST

Case Contacts

| Name | Bar No. | Email | Date | Status |
|---|---|---|---|---|
| Kayla Ahmed | | kayla.ahmed@nortonrosefulbright.com | 8/4/2025 5:51:39 PM | SENT |
| Kristin Hernandez | | kristin.hernandez@foley.com | 8/4/2025 5:51:39 PM | SENT |
| Thomas Coulter | 4885500 | tom.coulter@nortonrosefulbright.com | 8/4/2025 5:51:39 PM | SENT |
| Victoria Gomez | | victoria.gomez@oag.texas.gov | 8/4/2025 5:51:39 PM | SENT |
| Cheryl LaFond | 24104015 | clafond@scottdoug.com | 8/4/2025 5:51:39 PM | SENT |
| Jessie Johnson | | jessie.johnson@nortonrosefulbright.com | 8/4/2025 5:51:39 PM | SENT |
| Benjamin Grossman | | bjgrossman@foley.com | 8/4/2025 5:51:39 PM | SENT |
| Cory Scanlon | | cory.scanlon@oag.texas.gov | 8/4/2025 5:51:39 PM | SENT |
| David Johns | | david@cobbjohns.com | 8/4/2025 5:51:39 PM | SENT |
| Jennifer Cook | | Jennifer.Cook@oag.texas.gov | 8/4/2025 5:51:39 PM | SENT |
| Juliana Bennington | | jbennington@perkinscoie.com | 8/4/2025 5:51:39 PM | SENT |
| Jonathan Hawley | | jhawley@perkinscoie.com | 8/4/2025 5:51:39 PM | ERROR |
| Reina A.Almon-Griffin | | ralmon-Griffin@perkinscoie.com | 8/4/2025 5:51:39 PM | SENT |
| Trisha Marino | | tmarino@perkinscoie.com | 8/4/2025 5:51:39 PM | SENT |
| Katie Dolan-Galaviz | | kgalaviz@burgesslawpc.com | 8/4/2025 5:51:39 PM | SENT |
| Karen Walker | | karen.walker@hklaw.com | 8/4/2025 5:51:39 PM | SENT |
| Tiffany Roddenberry | | tiffany.roddenberry@hklaw.com | 8/4/2025 5:51:39 PM | SENT |
| Stacey Obenhaus | | sobenhaus@foley.com | 8/4/2025 5:51:39 PM | SENT |
| Jason R.LaFond | | jlafond@scottdoug.com | 8/4/2025 5:51:39 PM | SENT |
| Matthew Gordon | | mgordon@perkinscoie.com | 8/4/2025 5:51:39 PM | SENT |
| Stacey Jett | | sjett@adjltaw.com | 8/4/2025 5:51:39 PM | SENT |
| Perkins Docketing Team | | DocketSEA@perkinscoie.com | 8/4/2025 5:51:39 PM | SENT |